No. 9914.

THE BRAZIL AND CHICAGO COAL COMPANY v. CAIN.

NEGLIGENCE.—*Master and Servant.* — *Negligence of Co-employee.* — *Difference in Grade.*—In the absence of express contract to that effect, the master is not liable for injuries suffered by one of his employees solely through the negligence of another of his employees, engaged in the same general business. Nor is the master rendered liable by the fact, if it be the fact, that the injured employee is inferior, in grade of employment, to the one through whose negligence the injury is caused, if the services of each, in his particular sphere, are directed to the accomplishment of the same general end.

From the Clay Circuit Court.

The Brazil and Chicago Coal Company *v.* Cain.

*W. W. Carter, J. A. McNutt* and *S. W. Curtis,* for appellant.
*G. A. Knight* and *C. H. Knight,* for appellee.

HOWK, J.—This was a suit by the appellee, Bridget Cain, to recover damages for the death of her infant son occasioned, as alleged, by the appellant's negligence. The cause was put at issue and tried by a jury, and a verdict was returned for the appellee, assessing her damages in the sum of $1,000; and, over the appellant's motion for a new trial, judgment was rendered on the verdict.

In this court, the appellant has assigned, as errors, the following decisions of the trial court:

1. In overruling its demurrer to appellee's complaint;

2. In sustaining appellee's demurrer to the second paragraph of its answer; and

3. In overruling its motion for a new trial.

In her complaint, the appellee alleged that the appellant, a corporation organized and existing under the laws of this State, on and before the 22d day of December, 1879, was the owner and in possession of, and operating a certain coal mine in Clay county, and, at the happening of the alleged wrongs and grievances thereinafter stated, was, by its agents and employees, engaged in mining and removing large quantities of coal from its mines; that appellee's infant son, Patrick Cain, aged nineteen years, on and before the day last named, was and had been employed with appellee's consent, and hired by the appellant, to dig and mine coal in one of the rooms of its mines; that, on the day aforesaid, while engaged in his usual labor as appellant's employee, the said Patrick Cain was ordered and directed by one William Hopkins, who was then in appellant's employ as its bank or mine boss, to leave his work and business of mining coal in his room, without appellee's consent, and take charge of and drive a mule attached to the bank-cars in such mine, and haul the coal from the different rooms in such mine through and along the entrances and roadways therein, to the bottom of the shaft or pit, which

work was more hazardous than mining coal; that, while so engaged in the performance of the duty and labor so assigned to him by appellant's bank-boss, and without any fault or negligence on the part of himself or of the appellee, and while driving said mule and bank-car along one of the entrances and roadways in such mine, a large quantity of slate roofing in such entrance, and overhanging said roadway, fell down with great force upon him, said Patrick Cain, and crushed his body and limbs beneath its weight, and so injuring him that he died within three days thereafter.

And the appellee averred that, at the time of said casualty, the said William Hopkins was the appellant's employee and bank-boss, and, as such, had charge of its coal mine and control of the men working therein, and it was his duty to look after, care for and superintend said mine and the entire workings therein, and to secure and keep the rooms, entrances and openings of such mine in a safe condition; that, in utter disregard of his duties as such bank-boss and mine superintendent, the said Hopkins had notice of the unsafe and dangerous condition of the roof in said entrances over such roadway, where the appellee's son was fatally injured and was directed to drive said mule, and he, Hopkins, was requested several days before said injury happened to secure such roof at said point, either by propping it up or by taking it down; yet the appellee said that, notwithstanding such knowledge on the part of appellant's agent and mine superintendent, the appellant recklessly and negligently permitted the roof in said entrance to be and remain in such unsafe and dangerous condition; that on the day aforesaid, while the appellee's son was passing along and through such entrance, in the performance of the work assigned him, and in utter ignorance of the unsafe and dangerous condition of said roof, the slate forming the same fell down upon and fatally injured him, from the effect of which he, in a few days thereafter, died to the appellee's damage in the sum of $5,-000, for the loss of her son's services during his minority,

for his funeral expenses, medical services, and for care and attention bestowed upon him; that the said Patrick Cain left surviving him the appellee, his mother, and his sisters Mary and Ellen and his brother John, all younger than he, who were his next of kin, and for whose use and benefit this action was instituted by appellee; and that, on May 17th, 1875, the appellee's husband and the father of her deceased son, Owen Cain abandoned his family, left for parts unknown, and, since that date, had not been heard of. Wherefore the appellee demanded judgment for $5,000, etc.

We are of opinion that the court erred in overruling the appellant's demurrer to appellee's complaint. It will be observed that it is nowhere alleged in the complaint that the death of appellee's son was caused or occasioned by any negligence of the appellant; on the contrary, the complaint was manifestly constructed upon the theory that the appellant was liable for the injury and death of appellee's son, because such injury and death were caused and occasioned, as alleged, by the negligence of the appellant's servant, William Hopkins, who is variously described therein as its bank or mine boss, or superintendent. Hopkins and the appellee's son, Patrick Cain, were shown by all the averments of the complaint to have been fellow-servants or co-employees of the appellant, engaged in the same general business or service of mining coal for the appellant. It is settled law that the master is not liable in damages to an employee for an injury occasioned or caused by the negligence of a co-employee or fellow-servant. The appellant could only be held liable, in such case for its own negligence and want of proper care, either in the selection and employment of unfit or incompetent servants or agents, or in furnishing for the use of its servants unsafe or improper machinery or other tools or implements. No such negligence as this is imputed to or charged against the appellant in the case in hand. Here the appellee alleged that the injury and death of her son, a servant of the appellant, without fault on his or her part, were caused by and through the

negligence of William Hopkins, another servant of the appellant; but she failed to allege either that the appellant had not exercised ordinary care and prudence in the employment of Hopkins, or that it had retained him in its employment after it had received notice that he was careless and negligent in the discharge of the duties of his position. In the absence and for the want of this latter allegation, we think that the appellee's complaint wholly failed to state a cause of action against the appellant, and that its demurrer thereto ought to have been sustained. *Slattery* v. *Toledo, etc., R. W. Co.,* 23 Ind. 81; *Columbus, etc., R. W. Co.* v. *Arnold,* 31 Ind. 174; *Pittsburgh, etc., R. W. Co.* v. *Ruby,* 38 Ind. 294 (10 Am. R. 111); *Sullivan* v. *Toledo, etc., R. W. Co.,* 58 Ind. 26.

It was said by this court, in *Columbus, etc., R. W. Co.* v. *Arnold, supra:* " Each employee engaged with others in the service of a common master takes upon himself the liability to injury resulting from the negligence of his co-employees. The hazard is incident to the nature of the employment into which he enters, and in respect to which the master is not an insurer, in the absence of an express contract to that effect. Nor is the master liable by the fact that the employee receiving the injury is inferior in grade of employment to the party by whose negligence the injury is caused, if both are employed in the same general business, or in other words, ' if the services of each in his particular sphere or department are directed to the accomplishment of the same general end.' " Under the law as here declared, the fact alleged by the appellee in her complaint in the case now before us, that her son was a servant of the appellant, of an inferior grade to that of his fellow-servant Hopkins, the bank or mine boss,. or superintendent, through whose alleged negligence the injury and death of her son were charged to have been caused, would not render the appellant liable to her in damages for the death of her son, so caused. *Wright* v. *New York, etc., R. R. Co.,* 25 N. Y. 562; *Laning* v. *New York, etc., R. R. Co.,*

The Brazil and Chicago Coal Company *v.* Cain.

49 N. Y. 521 (10 Am. R. 417); *Lehigh Valley Coal Co.* v. *Jones,* 86 Pa. St. 432.

An employee in the service of a mining company assumes the risks and dangers incident to the business in which he is engaged; and the fact that he is a minor, if he be of age sufficient and is competent for the service in which he is employed, does not affect the duty or liability of the corporation in this regard, as the risks are an element of the employment, and the employee can not claim, on account of infancy, to be relieved from the consequences of such risks. In the case at bar the appellee does not claim in her complaint that her son did not have, notwithstanding his alleged non-age or minority, full knowledge of all the hazards of his employment. On the contrary, it appeared from the complaint that appellee's son was nineteen years of age at the time of his injury and death, and for some time previous had been an employee of the appellant in mining coal. It must be assumed, therefore, in the absence of any showing to the contrary, that he voluntarily engaged in driving the coal-cars through the avenues of the mine, with full knowledge of the dangers of the business. In such case neither the employee nor his mother, the appellee, could legally claim that on account of his infancy the appellant should be held liable for his injury and death caused, as alleged, by the negligence of his fellow-servant. Although the appellee's son was a minor, under the age of twenty-one years, at the time he entered into the appellant's service, and at the time of his injury and death, yet it appeared that he was of sufficient age and experience to understand fully the hazard and dangers of the service, and therefore it must be held that by engaging in such service, notwithstanding his minority, he took upon himself the natural and ordinary risks incident to the business in which he engaged, among which was the negligence of his fellow-servants, whether of high or low degree, in the same common enterprise. *Gartland* v. *Toledo, etc., R. W. Co.,* 67 Ill. 498; *De-Graff* v. *New York, etc., R. R. Co.,* 76 N. Y. 125; *Houston,*

*etc.,* *R. R. Co.* v. *Miller*, 51 Texas, 270; *King* v. *Boston, etc.,* *R. R. Co.*, 9 Cush. 112.

We conclude, therefore, with the opinion that appellee's complaint is bad, and the appellant's demurrer thereto ought to have been sustained. This conclusion renders it unnecessary for us now to consider or decide any of the questions arising under either of the other alleged errors.

The judgment is reversed with costs, and the cause remanded with instructions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.

Filed June 20, 1884. Petition for a rehearing overruled Nov. 15, 1884.