Filed Feb. 21, 1885.

---

No. 11,634.

Bogard, Administrator, *v.* The Louisville, Evansville and St. Louis Railway Company.

Master and Servant.—*Fellow Servant.—Negligence.—Employing or Retaining Incompetent Servant.—Notice.—Pleading.—Complaint.*—A master is not liable in damages to a servant for injuries resulting from the negligence of a fellow servant engaged in the same general employment, unless he has been guilty of negligence in the employment of, or, after notice, continues in his employment, the negligent or incompetent employee through whose negligence the injury was caused, and such negligence on the part of the master must be averred in the complaint.

Same.—*Who are Fellow Servants.—Pleading.*—One who is engaged in hauling rock by means of a team, and those who are engaged in blasting such rock, all employed by a common master, are fellow servants, and such facts being shown by a complaint to recover for an injury to the teamster, an averment that the injured servant "had no connection whatever with any of the employees of the defendant who were engaged in blasting rock," is a mere conclusion, and the facts will control.

From the Floyd Circuit Court.

*J. H. Stotsenburg*, for appellant.
*A. Dowling*, for appellee.

COLERICK, C.—This action was brought by the appellant to recover damages for the death of her intestate, which it was alleged was caused by the negligence of the appellee.

A demurrer was filed to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court, to which ruling the appellant excepted, and, refusing to amend her complaint, final judgment, on demurrer, was rendered against her, from which she has appealed to this court.

The only question presented by the assignment of errors for our consideration is, was the complaint sufficient on demurrer? Its material averments were: "That before and on the 25th day of September, 1881, the said plaintiff's intestate, Walter T. Bogard, was employed by the said defendant in hauling rock, by means of a team, out of a deep cut on the line of said road, and that he had no connection whatever with any of the employees of said defendant who were engaged in blasting rock for said defendant in said deep cut; that while he was lawfully engaged in the work assigned to him, and after his work for the day was done, and as he was about to put away his team, he was, without any fault or negligence whatever on his part, killed by the wrongful acts and omissions of the said defendant, in the following manner, viz., a violent explosion of gunpowder or other inflammable material used for the purpose of splitting rocks in the said deep cut, was caused by the act of certain employees of the said defendant, and the said explosion was so violent that a large piece of rock, weighing over sixty pounds, was hurled with great force against the said decedent, killing him instantly, although he was two hundred and fifty yards from the said blast; that the said blast was carelessly and negligently prepared by the said defendant's employees, and that the broken rock that was necessary to be put upon the top of

the powder used for the blast was only two inches in depth, when it should have been at least five inches deep, and that by reason of the death of said deceased the plaintiff has sustained damages in the sum of ten thousand dollars, for which she demands judgment."

It appears by the facts averred, that the death of the deceased was caused by the negligence of his fellow servants or co-employees, and hence, in the absence of an averment alleging that the appellee was guilty of negligence in the employment, or retention in its employment, of the persons by and through whose negligence the death of the decedent resulted, the complaint was insufficient, and the demurrer thereto was properly sustained.

A master is not liable in damages to an employee or servant for injuries resulting from the negligence of a co-employee or fellow servant engaged in the same general employment (*Indiana Car Co.* v. *Parker, ante,* p. 181, and the cases there cited), unless the master has been guilty of negligence in the employment of, or, after notice, continuing in its employment, the negligent or incompetent employee through whose negligence the injury was caused. *Ohio, etc., R. W. Co.* v. *Collarn,* 73 Ind. 261 (38 Am. R. 134); *Boyce* v. *Fitzpatrick,* 80 Ind. 526; *Brazil, etc., Co.* v. *Cain,* 98 Ind. 282. No such negligence was imputed to or charged against the appellee in this case, and for the want of such an averment in the complaint it failed to state a cause of action against the appellee. *Brazil, etc., Co.* v. *Cain, supra.*

The averment that the deceased "had no connection whatever with any of the employees of the defendant who were engaged in blasting rock for said defendant in said deep cut" where his life, by their act, was lost, was a mere conclusion of the pleader. The facts averred show that they were his fellow servants or co-employees, although engaged in a different branch of the same general undertaking, and, therefore, the conclusion, being at variance with the facts, must be

controlled by them.   See *City of Fort Wayne* v. *DeWitt,* 47 Ind. 391.   No error was committed in sustaining the demurrer to the complaint.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Feb. 18, 1885.