# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1886, IN THE SEVENTIETH YEAR OF THE STATE.

---

No. 12,256.

THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY v. STUPAK.

MASTER AND SERVANT.—*Railroad.*—*Personal Injury.*—*Negligence of Fellow Servant.*— *Knowledge of Negligent Habits.*— *Complaint Against Master.*—A complaint by a servant against a master, to recover for an injury caused by the negligence of a fellow servant, to be good on demurrer for want of facts, must not only allege that the master knew that the fellow servant was negligent in the discharge of his duties, but it must also show that the plaintiff had no knowledge of that fact when he entered the master's service, and the failure to make the latter allegation is not cured by an averment that the plaintiff was " wholly unacquainted " with the fellow servant when he took the employment.

SAME.—*Remaining in Master's Service with Knowledge of Fellow Servant's Negligence.*—Where a servant remains in the master's service after he knows, or from circumstances ought to have known, of the negligent habits of a fellow servant, it is necessary, in a complaint by him against the master to recover for an injury caused by the negligence of the fellow servant, to show a reasonable excuse for remaining in the service after such knowledge.

From the Porter Circuit Court.

108 1
124 380
124 428
127 54

108 1
130 184
130 350

108 1
132 343
132 446
133 242

108 1
134 159
134 236
134 468
136 402

108 1
138 499
139 695

108 1
146 488

108 1
161 683
162 93
162 97

108 1
169 676

*J. I. Best, A. Pond, O. G. Getzen-Danner, J. Morris, C. H. Aldrich* and *J. M. Barrett,* for appellant.

*A. D. Bartholomew, E. D. Crumpacker, A. C. Harris* and *W. H. Calkins,* for appellee.

HOWK, C. J.—The first error of which complaint is here made by appellant, the defendant below, is the overruling of its demurrer to the first paragraph of appellee's complaint.

In this first paragraph, appellee alleged that appellant was a railroad corporation owning and operating a railroad over and across Porter county, Indiana ; that, in the operation of its railroad, appellant ran a certain locomotive engine and construction train, composed of flat cars, used for hauling gravel, etc., westward from Laporte, Indiana; that such locomotive and train of cars had been so used by appellant for five years before the commencement of this suit; that, on such train of cars, appellant had in its employ a large number of hands who resided at different points along its railroad, and were conveyed by such train to and from their places of labor, night and morning; that appellant had in its employ, for a year prior to the 13th day of August, as engineer of the locomotive engine used to propel such construction train, one —— Pool who was habitually careless and negligent in the discharge of his duties as such engineer, during all of said time, and was not possessed of sufficient skill to run said engine in an ordinarily careful and prudent manner, of all which appellant had due notice but negligently retained said Pool in its employ as such engineer.

Appellee further alleged that some time during July, 1883, he being wholly unacquainted with said Pool, and with appellant's employees in charge of such construction train, entered the service of appellant as one of its laborers or work-hands upon such construction train, and as a track repairer of its road-bed; that on or about such 13th day of August, 1883, the appellee, while in appellant's employ, upon such construction train, was standing upon one of the cars of such train,

while the same was standing still, and while the locomotive engine attached thereto was in the management and control of said Pool, when, without any fault or negligence upon appellee's part, said Pool negligently and without any signal or warning suddenly put said engine and train of cars in rapid motion, whereby appellee was thrown off his feet, between two cars, and his arms were crushed and broken in such a manner as to be permanently disabled, and his person was otherwise mangled, cut and bruised, causing him great physical and mental suffering, etc.; to his damage, etc. All of which was wholly without his fault, but owing to the fault and negligence of said Pool as aforesaid, and of the appellant in keeping said Pool in its employ, as such engineer, after notice of his unskillful and negligent habits in running said engine as aforesaid. Wherefore, etc.

It is claimed by appellant's counsel that this paragraph of complaint was insufficient, and the demurrer thereto ought to have been sustained, for two reasons, namely:

1. Because appellee has not averred therein that he did not know of Pool's negligent habits at the time he entered appellant's service.

2. Because appellee has failed to aver any excuse for his remaining in appellant's service after he knew, or should have known, of Pool's negligent habits.

The general rule of law, recognized and acted upon in many of our decisions, is, that the master is not liable in damages to an employee for an injury caused or occasioned by the negligence, whether of omission or commission, of a co-employee or fellow servant. The liability to injury, resulting from the negligence of his co-employees, is one of the risks which each employee, engaging with others in the service of a common master, takes upon himself. Such a liability to injury is a hazard incident to the nature of the service into which the employee enters, and against which the master is not an insurer, in the absence of an express contract to that effect. Nor is the master rendered liable by the

fact; if it be the fact, that the injured employee is inferior in grade of employment to the co-employee, through whose negligence the injury is caused, if both were employed in the same general business; or, in other words, "if the services of each in his particular sphere or department are directed to the accomplishment of the same general end." *Columbus, etc., R. W. Co.* v. *Arnold,* 31 Ind. 174. *Pittsburgh, etc., R. W. Co.* v. *Ruby,* 38 Ind. 294 (10 Am R. 111); *Brazil, etc., Coal Co.* v. *Cain,* 98 Ind. 282; *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151.

Where, therefore, as here, the servant shows in his complaint that the injury, for which he sues the master, was caused or occasioned by the negligence of his fellow servant, he must also allege in his complaint, either that the master had not exercised ordinary care and prudence in the employment of such fellow servant, or that it had retained him in its service, after it had received notice that he was negligent in the discharge of the duties of his position.  This much must be stated, in relation to the negligence of the master; and with respect to himself, in such a case, the injured servant must aver in his complaint that, at the time he entered the master's service, he had no knowledge of the negligent habits of the fellow servant, through whose negligence he has alleged that he was injured.  It is for the want of this last averment, or its equivalent, that the first paragraph of appellee's complaint in the case at bar was fatally insufficient.  If the appellee knew, at the time he entered appellant's service (and we can not presume that he did not know, in the absence of any averment to that effect), that his fellow servant, Pool, was habitually negligent in the discharge of his duties as an engineer, and was not possessed of sufficient skill to run an engine in an ordinarily prudent manner, it must be held, we think, that he voluntarily took upon himself all the risks incident to, or growing out of, Pool's negligence and lack of skill in the management of his engine.  Appellee has sued the appellant to recover damages for an injury, alleged by

him to have been caused by the negligence of Pool, his fellow servant. To have stated a cause of action, sufficient to withstand a demurrer for the want of facts, in such a case, it was necessary that the appellee should have alleged in his complaint, not alone that appellant knew of Pool's negligence, but also that he had no knowledge thereof; for, if he had knowledge of Pool's negligent habits, and entered appellant's service with such knowledge, he thereby consented to serve with Pool in the way and manner in which Pool conducted appellant's business; and having so consented, he can have no sufficient grounds of complaint against appellant for an injury, caused by or resulting from Pool's negligent habits. *Sullivan* v. *India Man'g Co.*, 113 Mass. 396; *Gibson* v. *Erie R. W. Co.*, 63 N. Y. 449 (20 Am. R. 552); *De Forest* v. *Jewett*, 88 N. Y. 264; *Wonder* v. *Baltimore, etc., R. R. Co.*, 32 Md. 411 (3 Am. R. 143); *Michigan Central R. R. Co.* v. *Smithson*, 45 Mich. 212; *Hughes* v. *Winona, etc., R. R. Co.*, 27 Minn. 137; *Riest* v. *City of Goshen*, 42 Ind. 339; *Green, etc., Passenger R. W. Co.* v. *Bresmer*, 97 Pa. St. 103; *McGinnis* v. *Canada Southern Bridge Co.*, 8 Am. & Eng. R. R. Cases, 135, note p. 139; Wood Mast. & Serv., section 423, *note.*

The appellee alleged in the first paragraph of his complaint, on the point under consideration, that he was "wholly unacquainted with said Pool." This averment by no means supplies or meets the objection, urged by appellant's counsel, to the sufficiency of the first paragraph of appellee's complaint. The fact that appellee was wholly unacquainted with Pool does not show, nor tend to show, that he was not fully informed of Pool's negligent habits and lack of skill as an engineer at the time he entered appellant's service as Pool's fellow servant. We are of opinion, therefore, that appellant's first objection to the sufficiency of the first paragraph of appellee's complaint is well taken and must be sustained.

Appellant's counsel also insist in argument that the first paragraph of complaint was bad on the demurrer thereto,

because appellee failed to allege therein any excuse for his remaining in appellant's service after he knew, or should have known, of Pool's negligent habits. Appellee alleged that "some time during July, 1883," he entered appellant's service as a laborer and track repairer, and continued in such service until the 13th day of August, 1883, on which day he was injured. As against the appellee, this averment may be fairly construed to mean that on the 1st day of July, 1883, he entered appellant's service, etc., and continued in such service for the six weeks thence next ensuing until the day on which he was injured. During all of such six weeks he worked on the construction train, whereof Pool was the engineer in charge and conveyed appellee by such train to and from his place of labor, night and morning. If, as alleged, "Pool was habitually careless and negligent in the discharge of his duties as such engineer, during all of said time, and was not possessed of sufficient skill to run said engine in an ordinarily careful and prudent manner," it can not be doubted that appellee knew, or ought to have known, of Pool's negligent habits long before the day on which he was injured. Of such a case, in Wood on Master and Servant, section 422, it is said: "So, too, when a co-servant is injured through the incompetency of a fellow servant, and he knows or has the same means of knowing of such incompetency as the master has, he can not recover for injuries resulting to him from such servant's negligent acts, because he is chargeable with negligence in not informing the master, if he knew the fact, or if he did not, is equally as chargeable with negligence as the master, for not knowing it; and if he did know of it, and with such knowledge remained in the service, he is treated as assuming all the risks incident to such incompetency or unskilfulness, unless he establishes a reasonable excuse for remaining." The text of the learned author is fully supported by the decided cases, cited in the foot-notes. *Davis* v. *Detroit, etc., R. R. Co.*, 20 Mich. 105 (4 Am. R. 364); *Stafford* v. *Chicago, etc., R. R. Co.*, 114 Ill. 244; *Dillon* v.

*Union Pacific R. R. Co.*, 3 Dillon U. S. C. C. 319; *Leary* v. *Boston, etc., R. R. Co.*, 139 Mass. 580 (52 Am. R. 733); *Hughes* v. *Winona, etc., R. R. Co.*, *supra.*

In the case in hand, appellee has not alleged, nor attempted to allege, any excuse whatever for his remaining in appellant's service after he knew, or ought to have known, of Pool's negligent habits. We think, therefore, that appellant's second objection to the sufficiency of the first paragraph of appellee's complaint herein is also well taken, and ought to have been sustained.

For the reasons given we are of opinion that the trial court clearly erred in overruling appellant's demurrer to the first paragraph of appellee's complaint herein. This conclusion requires a reversal of the judgment below, and, therefore, renders it unnecessary for us to consider or decide now any of the questions discussed by counsel, arising under the alleged error of the court in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to the first paragraph of complaint, and for further proceedings not inconsistent with this opinion.

MITCHELL, J., took no part in the decision of this cause. Filed Oct. 12, 1886.