The Indiana, Bloomington and Western Railway Company v. Dailey.

Filed Feb. 24, 1887.

———————◆———————

No. 11,805.

THE INDIANA, BLOOMINGTON AND WESTERN RAILWAY
COMPANY *v.* DAILEY.

PLEADING.—*Demurrer.*—*Form.*—A demurrer, which reads as follows: "The defendant demurs separately to the first, second, third, fourth, fifth and sixth paragraphs of the complaint in the above entitled cause, for the reason that none of said paragraphs states facts sufficient to constitute a cause of action," challenges the sufficiency of each of such paragraphs separately.

SAME.—*Clerical Error.*—Merely clerical mistakes, such as the use of one word or one name for another, where there can be no room for doubt as to which the pleader intended to use, will not vitiate a pleading.

SAME.—*Negligence.*—*Master and Servant.*—*Railroad.*—*Co-Employees.*—*Necessary Averments.*—In an action against a railroad company, by a brakeman, for an injury occasioned by the gross negligence of the engineer, who was his fellow servant engaged in the same general business, a paragraph of complaint which fails to aver that the defendant had not exercised ordinary care and prudence in the employment of such engineer, or that it

The Indiana, Bloomington and Western Railway Company v. Dailey.

had retained him in its service after it had received notice of his negligence in the discharge of his duties, is bad on demurrer.

SAME.—In such case an averment is necessary, that the injured party did not know, or have the same means of knowing, of the alleged negligence or unskilfulness of the engineer as the defendant.

SAME.—*Defective Appliances.*—*Knowledge of Employee.*—A paragraph of complaint, which alleges that the plaintiff, who was a brakeman on defendant's railroad, was injured by the negligence of the defendant in supplying the train on which he was brakeman with an insufficient coupling-pin, such defendant knowing of such defect, and continuing the use of such pin after knowledge of its dangerous character, is insufficient, without an averment that the plaintiff did not know, or have the means of knowing, equally with defendant, of such defective coupling-pin, and of the danger to defendant's employees in the use thereof.

From the Fountain Circuit Court.

*C. W. Fairbanks* and *T. F. Davidson*, for appellant.

*J. M. Thompson, W. H. Thompson, W. B. Herod* and *T. L. Stilwell*, for appellee.

HOWK, J.—In this case, appellee sued the appellant in a complaint of six paragraphs, to recover damages for personal injuries sustained by him, as alleged, while in appellant's service as a brakeman on one of its freight trains. The suit was commenced in the Montgomery Circuit Court and was there put at issue by appellant's answer, in general denial. On appellant's application, the venue of the cause was then changed to the Fountain Circuit Court. There, appellee withdrew the first paragraph of his complaint, and the issues joined upon the remaining five paragraphs were then tried by a jury, and a verdict was returned for appellant, the defendant below; but, on appellee's motion, the verdict was set aside and a new trial awarded. The second trial of the cause resulted in a verdict for appellee, assessing his damages in the sum of $5,000. Over appellant's motions for a *venire de novo*, for judgment on the special findings of the jury notwithstanding their general verdict, and for a new trial, the court rendered judgment on the general verdict.

The first error, of which appellant's counsel complain in

argument, is the overruling of the demurrer to the several paragraphs of appellee's complaint, remaining in the record.

The point is made by appellee's counsel and earnestly insisted upon, that appellant's demurrer is to the complaint as an entirety and does not question the sufficiency of each paragraph separately; and that, therefore, if any one paragraph was sufficient to withstand the demurrer, the ruling complained of was correct and would not authorize a reversal of the judgment below, even though all the other paragraphs were clearly bad. Omitting the venue and title of the cause, appellant's demurrer reads as follows: "The defendant demurs separately to the first, second, third, fourth, fifth and sixth paragraphs of the plaintiff's complaint in the above entitled cause, for the reason that none of said paragraphs states facts sufficient to constitute a cause of action." It may be conceded that, in the early decisions of this court under our civil code, demurrers, very similar in form to the one above quoted, were held to be joint and not several demurrers. But of late years, in harmony with the requirements of section 376, R. S. 1881, that "In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties," we have repeatedly held, and correctly so, we think, that demurrers, substantially the same in form as the one above copied, were several as well as joint, and would call in question the sufficiency of each, as well as all, of the paragraphs of the pleadings to which they were addressed. *Stone* v. *State, ex rel.*, 75 Ind. 235; *Stribling* v. *Brougher*, 79 Ind. 328; *Carver* v. *Carver*, 97 Ind. 497.

In their brief of this cause, appellant's counsel first insist that it was error to overrule the demurrer to the fourth paragraph of appellee's complaint. In this fourth paragraph, the appellee alleged that, on the 12th day of October, 1881, and for a long time theretofore, he had been in the employment of appellant, as its brakeman, on its railroad, in Montgomery county, Indiana; that, on the day last named, ap-

pellee was injured and crippled for life, and forever disabled from working for a living, by the gross negligence of appellant's agent and servant, " an engineer in *plaintiff's* employ ; " that said engineer was well known at the time by appellant to be wholly incompetent and reckless, and without prudence or caution in the performance of his duties as an engineer or engine-driver ; that said engineer and appellee were and had been assigned to duty on the same train, to run and manage the same, appellee as brakeman and coupler, and said engineer as engine-driver thereof; that while appellee, in accordance with his duties as ordered by the proper conductor of such train, was attempting to uncouple two of the cars in such train, in Montgomery county, at the time before stated, said engineer suddenly, and without any warning or notice to appellee, violently and with gross negligence of duty, backed said train upon appellee and so crushed him that he was injured as aforesaid, without any negligence of the appellee, who was then and there in the just performance of his duty to appellant.    Wherefore appellee was damaged in the sum of ten thousand dollars, etc.

It will be observed that, in the foregoing paragraph, appellee alleged that he was injured " by the gross negligence of defendant's agent and servant, an engineer in *plaintiff's* employ."    It is claimed by appellant's counsel, that the last three words in the allegation quoted, to the effect that the engineer, through whose negligence the plaintiff said that he was injured, was at the time " in *plaintiff's* employ," completely nullify and destroy the force of the precedent statement that such engineer was " defendant's agent and servant." We must decline, however, to adopt counsel's view of the allegation quoted.    The use of the word *plaintiff's,* instead of the word *defendant's,* in the closing statement of such allegation, is so palpably a merely clerical error that we would not notice it, if appellant's counsel did not insist here, in argument, that this clerical misprision of itself vitiated the fourth paragraph of complaint, and rendered it bad on demur-

rer. Merely clerical mistakes, such as the use of one word or one name for another, where, as in this case, there is and can be no possible room for doubt as to which one of two words or names the pleader intended to use, will not and ought not to vitiate the pleading, in any court, under the statutory rule that "its allegations shall be liberally construed, with a view to substantial justice between the parties." Section 376, R. S. 1881; *Landon* v. *White,* 101 Ind. 249.

We are of opinion that the court clearly erred in overruling appellant's demurrer to the fourth paragraph of appellee's complaint, the substance of which paragraph we have heretofore given. It is abundantly shown by the averments of this paragraph of complaint, that the appellee and the nameless engineer in appellant's employ, by whose gross negligence he said that he was injured, were fellow servants or co-employees of the same common master, engaged in the same general business. In such a case the general rule, as declared in many of our decisions, undoubtedly is, that the master is not liable for injuries sustained by one servant or employee, solely by or through the negligence of another servant or employee of the same master, engaged in the same general business. "Each employee engaged with others in the service of a common master takes upon himself the liability to injury resulting from the negligence of his co-employees. The hazard is incident to the nature of the employment into which he enters, and in respect to which the master is not an insurer, in the absence of an express contract to that effect. Nor is the master liable by the fact, that the employee receiving the injury is inferior in grade of employment to the party by whose negligence the injury is caused, if both are employed in the same general business, or in other words, 'if the services of each in his particular sphere or department are directed to the accomplishment of the same general end.'" *Columbus, etc., R. W. Co.* v. *Arnold,* 31 Ind. 174. To the same effect, substantially, are the following more recent decisions of this court : *Sullivan* v. *Toledo,*

etc., *R. W. Co.*, 58 Ind. 26 ; *Gormley* v. *Ohio, etc., R. W. Co.*, 72 Ind. 31; *Pennsylvania Co.* v. *Dean*, 92 Ind. 459 ; *Brazil, etc., Co.* v. *Cain*, 98 Ind. 282 ; *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151.

In *Lake Shore, etc., R. W. Co.* v. *Stupak*, 108 Ind. 1, a similar case to the one under consideration, after stating the general rule in such cases as we have here stated it, the court said : " Where, therefore, as here, the servant shows in his complaint that the injury, for which he sues the master, was caused or occasioned by the negligence of his fellow servant, he must also allege in his complaint, either that the master had not exercised ordinary care and prudence in the employment of such fellow-servant, or that it had retained him in its service, after it had received notice that he was negligent in the discharge of the duties of his position."

It will be readily seen from an examination of the fourth paragraph of appellee's complaint, the substance of which we have given, that under the rules of pleading declared in the case last cited, and abundantly sustained by the authorities there referred to, such fourth paragraph of complaint is radically and fatally defective in its allegations of facts, and that the demurrer thereto ought to have been sustained. Appellee has nowhere averred in this paragraph of complaint, either that appellant had not exercised ordinary care and prudence in its employment of the engineer referred to therein, or that it had retained such engineer in its service after it had received notice that he was negligent in the discharge of the duties of his position. For the want of these or similar averments therein, it must be held, we think, that the court clearly erred in overruling appellant's demurrer to the fourth paragraph of complaint. *Chapman* v. *Erie R. W. Co.*, 55 N. Y. 579 ; *Moss* v. *Pacific R. R.*, 49 Mo. 167 (8 Am. R. 126); *Blake* v. *Maine Cent. R. R. Co.*, 70 Maine, 60 (35 Am. R. 297) ; *Sullivan* v. *Toledo, etc., R. W. Co., supra.*

What we have said, in considering the sufficiency of the fourth paragraph, applies with equal force to the fifth para-

graph of complaint. In this fifth paragraph appellee failed to allege that appellant was negligent either in its employment of the engineer mentioned in such paragraph, or in its retention of him in its service after it knew, or might have known, that he was negligent or unskilful in the discharge of his duties as such engineer. Manifestly, therefore, the court below erred in overruling appellant's demurrer to the fifth paragraph of appellee's complaint. *Lake Shore, etc., R. W. Co.* v. *Stupak, supra.*

In another point of view and for another reason, it must be held, we think, that the court below erred in overruling appellant's demurrers to each of the fourth and fifth paragraphs of appellee's complaint. It was nowhere averred in either of such paragraphs, that appellee did not know, nor have the same means of knowing, of the alleged negligence or unskilfulness of the engineer mentioned in such paragraphs, as the appellant had. For, if appellee knew, or might have known, of such negligence or unskilfulness of such engineer, he is chargeable with negligence in not informing appellant thereof; and if, with such knowledge or means of knowledge, he remained in appellant's service, he must be regarded as assuming all the risks incident to the negligence or unskilfulness of such engineer, unless he should establish a reasonable excuse for remaining in such service. Wood Master and Servant, section 422; *Lake Shore, etc., R. W. Co.* v. *Stupak, supra.*

In the second paragraph of his complaint appellee alleged, in substance, that he received the injuries of which he complained, by and through the negligence of appellant in supplying the freight train on which he was employed as one of its brakemen with an insufficient coupling-pin. It was averred in this paragraph, among other things, that appellant well knew of such defective coupling-pin, and had it placed on such freight train by its own act, and had negligently allowed it to remain there, although it well knew that the use

of such pin was dangerous to its employees. It was nowhere averred in this second paragraph of complaint, however, that appellee did not know, or have the means of knowing, equally as well as the appellant, of such defective or insufficient coupling-pin, and of the danger to appellant's employees in the use of such pin, and of the means of avoiding such danger. For the want of these or similar averments, it is very clear, we think, that the second paragraph of complaint did not state facts sufficient to constitute a cause of action, and that appellant's demurrer thereto ought to have been sustained. *Atlas Engine Works* v. *Randall*, 100 Ind. 293 (50 Am. R. 798), and authorities cited.

Other errors are complained of here by appellant's counsel; but as what we have already said will require the reversal of the judgment below and the formation of new issues, and as such other errors may not occur again in this cause, we need not now consider or decide any of the questions thereby presented.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrers to the second, fourth and fifth paragraphs of complaint, and for further proceedings not inconsistent with this opinion.

Filed March 8, 1887.