The Evansville and Terre Haute Railroad Company v. Duel.

Filed March 28, 1893.

---

No. 16,183.

## The Evansville and Terre Haute Railroad Company v. Duel.

PLEADING.—*Master and Servant.*—*Action by Servant for Damages.*—*Sufficiency of Complaint.*—*Necessary Allegations.*—In an action for damages by a servant against his master, for injuries received while in the line of his employment, by reason of defective machinery, the complaint, in such an action, must allege not only the violation of the master's duties, but such performance of his own duties that it may appear that he has not been negligent in contributing to his injury, and that he has not assumed the risks incident to the defects of which he complains; and, to make the complaint sufficient, it must be further alleged that the defendant had knowledge of such defect, or, by the exercise of reasonable care and prudence, should have known it. In such an action it is not incumbent upon the plaintiff to allege that he did not know of the defect, and could not have known of it by the use of ordinary care and prudence, the allegation that he did not know of such defect being sufficient to rebut any imputed knowledge thereof.

SAME.—*Master and Servant.*—*Place and Appliances of Employment.*—*Latent Defects.*—In such a case, where the defect is latent, it should be made to appear affirmatively that the master knew of it, or by reasonable diligence might have known of it.

MASTER AND SERVANT.—*Safe Place and Appliances.*—*Servant Chargeable with Knowledge of Patent Defects.*—While the employe may re-

The Evansville and Terre Haute Railroad Company *v.* Duel.

pose confidence in the prudent and cautious adherence to duty by the employer, yet he may not repose that blind confidence in the performance of the employer's duty which fails to observe patent defects, which an ordinary observance of the employe's duty would readily disclose.

From the Vanderburgh Superior Court.

*J. E. Iglehart* and *E. Taylor*, for appellant.

*J. Brownlee* and *W. H. Gudgel*, for appellee.

HACKNEY, J.—The appellee sued the appellant for personal injuries received on the 6th day of January, 1890, while coupling two cars in the switching yards of the appellant at Evansville.

It is alleged that the appellant "then and there carelessly and negligently used, operated, and ran in said switching yard a certain defective, unsafe, and dangerous steam switching engine or locomotive, * * * in this, to wit, that the throttle valve which let in and cut off the steam from the cylinders of said engine was so defective or out of repair that at times said throttle would suddenly fly open, and thereby cause said engine to move suddenly and swiftly."

It is further alleged, that the appellee was wholly ignorant of the defective and dangerous condition of said engine; that, while in the line of his duty, attempting to couple a car being moved by said engine to another car standing still upon the track, and when said moving car was very close to said standing car, and was approaching slowly, the throttle of said engine, owing to said defective condition, suddenly flew open and caused said moving car to come suddenly and swiftly against said standing car, catching and mangling his hands; that in all things he acted with care, and that the injury was caused "wholly through the fault and negligence of the defendant, in carelessly and negligently using said unsafe and defective engine."

The second paragraph of the amended complaint differs from the first only in the description of the defect in the engine and in the manner of its use.

A demurrer was overruled to each of the paragraphs of complaint, to which ruling the appellant reserved exceptions, and now urges two objections against either paragraph:

*First.* That there is no allegation that the company knew of the defective condition of the engine; and,

*Second.* That it should have been alleged that the plaintiff could not, by the use of ordinary care, have discovered the defect.

It is now so well settled as to stand without further question that the master must use reasonable care to provide his employees with reasonably safe working places and appliances, and competent persons for the service in which he engages them. *Louisville, etc., R. W. Co.* v. *Corps,* 124 Ind. 427; *Lake Shore, etc., R. W. Co.* v. *Stupak,* 123 Ind. 210; *Taylor* v. *Evansville, etc., R. R. Co.,* 121 Ind. 124; *Cincinnati, etc., R. W. Co.* v. *Lang, Admx.,* 118 Ind. 579; *Indiana Car Co.* v. *Parker,* 100 Ind. 181; *Baltimore, etc., R. R. Co.* v. *Rowan,* 104 Ind. 88; *Krueger, Admr.,* v. *Louisville, etc., R. W. Co.,* 111 Ind. 51; *Pennsylvania Co.* v. *Whitcomb, Admr.,* 111 Ind. 212; *Louisville, etc., R. W. Co.* v. *Wright,* 115 Ind. 378; *Louisville, etc., R. W. Co.* v. *Buck, Admr.,* 116 Ind. 566.

It is not every neglect of this duty that will subject the master to an action for damages, for the servant owes to his master and to his co-employees duties, the violation of which precludes a recovery. Reasonable care in the performance of his duties with respect to the care and the safety of the master's property, the safety of co-employees and of those, by reason of his employment, dependent upon a faithful discharge of his duties, is enjoined. The important rights of persons and property, to be affected

The Evansville and Terre Haute Railroad Company *v.* Duel.

by his care, have secured the rule that without vigilance on his part he is deprived of remedy.

Another rule, now firmly established, is that where the servant knows of the defect in the machinery, or the danger in the place where he is working, or of the want of skill of fellow-servants, and, with such knowledge, voluntarily continues in such employment, he thereby exonerates the master from liability and is held to have assumed the risks incident to such defects, dangers, or want of skill. *Louisville, etc., R. W. Co.* v. *Sandford, Admx.,* 117 Ind. 265; *Louisville, etc., R. W. Co.* v. *Corps, supra; Brazil, etc., Co.* v. *Young,* 117 Ind. 520; *Lake Shore, etc., R. W. Co.* v. *Stupak,* 108 Ind. 1; *Indiana, etc., R. W. Co.* v. *Dailey,* 110 Ind. 75.

Out of this rule has necessarily grown the conclusion that the action for a violation of the employer's duty involves more than mere negligence and contributory negligence, and includes a denial of the assumption of the hazard. *Louisville, etc., R. R. Co.* v. *Corps, supra.* It follows that a complaint, in such an action as this, must allege not only the violation of the master's duties but such performance of his own duties as that it may appear that he has not been negligent in contributing to his injury, and that he has not assumed the risks incident to the defects or want of skill of which he complains.

Owing the master a duty in protecting his property, and being charged with the safety of fellow-servants, of travelers, and of the property of shippers, the railway operative knowing of defects in machinery, or want of skill in fellow-servants, is derelict in not advising his master that investigation and repairs of machinery, or the discharge of the unfaithful, may follow for the safety of all concerned. Wood Master and Servant, 422; *Lake*

*Shore, etc., R. W. Co.* v. *Stupak, supra,* and authorities cited, p. 6.

These special rules must find observance by the pleader who seeks damages for their violation on the one side and their performance on the other. It was said by this court in *Louisville, etc., R. W. Co.* v. *Sandford, Admx., supra,* that "all of the authorities agree that negligence on the part of the employer is not to be presumed, and that it rests on the plaintiff to aver and prove every fact essential to the existence of actionable negligence. *Riest* v. *City of Goshen,* 42 Ind. 339; *Pennsylvania Co.* v. *Whitcomb, supra; Summerhays* v. *Kansas Pacific, etc., R. W. Co.,* 2 Col. 484; *Mobile, etc., R. R. Co.* v. *Thomas,* 42 Ala. 672; *State* v. *Philadelphia, etc., R. R. Co.,* 60 Md. 555; *Davis* v. *Detroit, etc., R. R. Co.,* 20 Mich. 105; *The Gladiolus,* 21 Fed. Rep. 417; *Cummings* v. *National Furnace Co.,* 60 Wis. 603; *Belair* v. *Chicago, etc., R. R. Co.,* 43 Iowa, 662." In the same case, at page 267, it is said: "The plaintiff in such a case is the actor, and must show a complete cause of action, and, to do this, he must aver facts showing that the danger which augmented the risks of his service was not known to him. In at least two cases this court has explicitly affirmed this doctrine. *Lake Shore, etc., R. W. Co.* v. *Stupak,* 108 Ind. 1; *Indiana, etc., R. W. Co.* v. *Dailey,* 110 Ind. 75."

Our attention has not been directed to any case holding that as against the assumption of the risks flowing from the defect complained of, it is necessary to allege more than a want of knowledge of the existence of such defects. In many cases it is said that the pleader must show that he had not such knowledge or the means equally with the employer of knowing it. But we feel safe in asserting that no authority holds that he must allege that he did not know of the defect, and that he could not have known of it by the use of ordinary care

The Evansville and Terre Haute Railroad Company *v.* Duel.

and prudence. There are numerous cases, in this State, holding complaints insufficient where, notwithstanding the allegation of a want of knowledge, it was apparent from the facts alleged that the plaintiff had an equal opportunity with the employer to have known it, or where the conclusion was irresistible that he did know it or by casual observation he could have known it. But to require the allegation that he did not know, should be sufficient not only to rebut actual knowledge but to repel any imputed knowledge. In *Lake Shore, etc., R. W. Co.* v. *Stupak*, 123 Ind. 210, it was expressly held sufficient to allege a want of knowledge of the defect or want of skill.

With reference to the allegation that the master knew of the defect or want of skill, it would seem to have been recognized as a requirement of the pleader, from a very early period in this State to the present time, with but one exception to which our attention has been called.

In *Indianapolis, etc., R. R. Co.* v. *Love*, 10 Ind. 554, it is said "That the complaint is insufficient, if for no other reason, because of the want of an allegation of negligence or want of care upon the part of the company in the construction of the road, or that they had knowledge or notice of its imperfection, and notwithstanding continued to use it, or some averment equivalent to such charge of negligence."

The same principle is distinctly recognized not only as a rule of pleading, but as one of evidence, in *Columbus, etc., R. W. Co.* v. *Arnold, Admr.*, 31 Ind. 174. In *Pittsburgh, etc., R. W. Co.* v. *Ruby*, 38 Ind. 294, proof of notice was recognized as necessary to a recovery against the master. In *Brazil, etc., Co.* v. *Cain*, 98 Ind. 282, the court says of the plaintiff: "She failed to allege either that the appellant had not exercised ordinary care and prudence in the employment of Hopkins, or that it had retained him in its

employment after it had received notice that he was care-less and negligent in the discharge of the duties of his position. In the absence, and for the want, of this latter allegation, we think that the appellee's complaint wholly failed to state a cause of action against the appellant, and that its demurrer thereto ought to have been sustained. *Slattery* v. *Toledo, etc., R. W. Co.*, 23 Ind. 81; *Columbus, etc., R. W. Co.* v. *Arnold*, 31 Ind. 174; *Pittsburgh, etc., R. W. Co.* v. *Ruby*, 38 Ind. 294, 10 Am. Rep. 111; *Sullivan* v. *Toledo, etc., R. W. Co.*, 58 Ind. 26.''

In a case where the master is charged with damages for an injury to one by the negligence of a fellow-servant, we may observe, the same rule applies as to notice as that required in case of defective machinery, and in such a case (*Bogard, Admr.*, v. *Louisville, etc., R. W. Co.*, 100 Ind. 491) this court held that ''a master is not liable * * * unless the master has been guilty of negligence in the employment of, or, after notice, continuing in its employment, the negligent or incompetent employee through whose negligence the injury was caused. *Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261, 38 Am. Rep. 134; *Boyce* v. *Fitzpatrick*, 80 Ind. 526; *Brazil, etc., Co.* v. *Cain*, 98 Ind. 282. No such negligence was imputed to or charged against the appellee in this case, and for the want of such an averment in the complaint it failed to state a cause of action against the appellee. *Brazil, etc., Co.* v. *Cain, supra.*''

In *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151, the question here made, as to the importance of alleging knowledge in the master, was squarely presented, and the distinction between actions of this character and those involving only negligence was fully considered. On page 163, after stating some of the rules, which we have here stated, with relation to the duties existing between the master and servant, it is said: ''Out of this general rule has come the more specific one, that if the

servant claims damages from the master for injuries received on account of defective premises, buildings, machinery, or appliances, he must allege and prove that the unfitness or the defect which caused the injury, was known to the master, or was such as, with reasonable diligence and attention to his business, he ought to have known. If the case before us is to rest alone upon the alleged negligence of appellant, as connected with the alleged defective rail, then it must be shown that the rail was so defective when put in place by appellant, or, if it afterwards became worn and defective, that appellant knew of the defective and dangerous condition, or that it was defective and dangerous for such a length of time that appellant might and ought to have known of it by the exercise of reasonable attention, care, and diligence. Thompson Neg., p. 971; Wood Master and Servant, sections 368, 414, and cases there cited; *Atchison, etc., R. R. Co.* v. *Wagner*, 33 Kan. 660, 21 C. L. J. 51; *Schooner 'Norway'* v. *Jensen*, 52 Ill. 373; *Indianapolis, etc., R. R. Co.* v. *Love*, 10 Ind. 554."

To the same effect are *Lake Shore, etc., R. W. Co.* v. *Stupak*, 108 Ind. 1; *Indiana, etc., R. W. Co.* v. *Dailey, supra; Lake Shore, etc., R. W. Co.* v. *Stupak*, 123 Ind. 210.

In the case last cited is this expression of the rule: "The material charge against the appellant, and without which the complaint would be bad, is that the appellant, with notice of the negligence and carelessness of Pool, the engineer, carelessly and negligently retained him in its service."

In *Jenney Electric Light, etc., Co.* v. *Murphy*, 115 Ind. 566, it is said, on page 568: "If an employee, reposing confidence, as he has a right to, in the prudence and caution of the employer, relies upon the adequacy of the implements put into his hands to work with, and upon the safety of the place assigned him to work, and sustains

injury in consequence of the failure or neglect of the employer to disclose *latent defects or perils which the latter knew*, or which he should have known of by the exercise of reasonable diligence, the employee is entitled to remuneration for his loss,'' citing numerous authorities.

While we do not regard this holding as at variance with any of the cases cited by us, we cite it as probably suggesting this conclusion: That where the defect or peril is latent, it should appear affirmatively that the master knew of it, or such facts should be pleaded as to show that by reasonable diligence he should have known it. And while the employee may repose confidence in the prudent and cautious adherence to duty by the employer, yet, he may not repose that blind confidence in the performance of the employer's duty which fails to observe the patent defects which an ordinary observation of the employee's duty would readily disclose. This consideration only leads us to the firmer conclusion that the complaint in this case should have contained the averment that the defect had been brought to the notice of the appellant, or that it existed for such a time that the appellant, with reasonable care and prudence, should have known it.

The case of *Ohio, etc., R. W. Co.* v. *Pearcy, Admx.,* 128 Ind. 197, is suggested as in conflict with the earlier cases cited in this opinion. If such conflict existed we should not hesitate to hold with the great weight of authority against the pleading in question here; but in that case, as we understand it, the turning point is upon the allegations of the duration of the defect complained of, for such time as that the court held the defendant to have had imputed knowledge of the defect. The allegation was that the defect existed on the day of the injury, ''and for many days prior thereto.'' Whether that case can be upheld is not now a question before us. The complaint before us contains no allegation of negligence in the

original procurement of the engine, nor that its defects existed for so long a time under such circumstances as charged the appellant with notice, nor that the appellant had actual notice of the defect and continued the use of the engine notwithstanding.

Mr. Beach, in his work on Contributory Negligence, 1st ed., p. 350, section 123, or 2d ed., section 346, states the rule here involved, in accordance with not only the Indiana cases, but the cases of most of the States of the United States. He says: "Personal negligence is the gist of the action, and it must, therefore, appear to render the master liable, that he knew, or from the nature of the case ought to have known, of the unfitness of the means of labor furnished to the servant, and that the servant did not know, or could not reasonably be held to have known, of the defect. Knowledge on the part of the employer, and ignorance on the part of the employee, are of the essence of the action; or, in other words, the master must be at fault and know it, and the servant must be free from fault and ignorant of his master's fault, if the action is to lie." See, also, section 136, p. 366, of the same work, 1st ed.

We think there can be little room to doubt that an allegation of knowledge of the defect by the master is necessary in cases like the present, and, upon a question of evidence, that knowledge may be established by showing actual cognizance of the defect, or knowledge imputed from the opportunities for actual knowledge arising from the duty to observe its machinery and appliances for the safety of its workmen.

The cause is reversed, with instructions to the lower court to sustain the demurrer to each paragraph of the amended complaint.

Filed Feb. 15, 1893; petition for a rehearing overruled April 19, 1893.