BRANN v. THE C., R. I. & P. R. Co.

| 53 | 595 |
| 106 | 66 |
| 53 | 595 |
| 118 | 656 |
| 53 | 595 |
| 120 | 417 |
| 53 | 595 |
| f133 | 93 |

1. **Railroads:** DUTY IN RESPECT TO APPLIANCES: INSPECTION. It is the duty of a railroad company not only to furnish reasonably well constructed and safe machinery and appliances for the use of the employes operating its road, but to exercise a continued supervision over the same to keep them in proper repair.

2. ——: NEGLIGENCE: CO-EMPLOYES. An employe charged with the duty of inspecting cars, and a brakeman using such cars, are not co-employes in such sense that the latter cannot recover from the corporation, by the common law, for an injury received through the negligence of the former in failing to properly perform his duties.

3. ——: ——: QUESTION OF FACT. Whether or not a railroad company was guilty of negligence in failing to inspect and repair a car of another company passing over its road, such as would render it liable to an employe for injuries sustained by reason of such car becoming out of repair while on its passage over the road, in a particular which would have been disclosed by an inspection conducted with ordinary care, was held to be a question for the jury.

*Appeal from Van Buren District Court.*

TUESDAY, JUNE 8.

THE plaintiff was in the employ of the defendant as brakeman on a freight train. On one of the cars composing the train there was a ladder for the purpose of enabling the employes to ascend and descend, and also a "hand hold," for the purpose of aiding them in reaching the ladder. Among other grounds of negligence, in the petition it was alleged that said "hand hold" was out of repair, and by reason thereof the plaintiff, while attempting to descend from said car, as his duty required him to do, was thrown violently to the ground and greatly injured. It was also alleged that the defendant was guilty of negligence in placing said car in said train. There was a trial by jury, and at the conclusion of the evidence the court, on motion of the defendant, directed the jury to find for it, which was done, and judgment rendered thereon. The plaintiff appeals.

*Traverse, Payne & Eichelberger* and *M. H. Jones & Sons*, for appellant.

*Trimble, Carruthers & Trimble* and *M. A. Low*, for appellee.

SEEVERS, J.—The "hand hold" is made of iron and fastened to the top of the car, for the use of the employes ascending or descending the car. That it was loose, or unfastened at one end when the plaintiff attempted to descend, because his duty required him to do so; and that in consequence thereof he was thrown or fell to the ground, and was greatly injured without fault on his part, must for the purposes of this case be conceded.

The court directed the jury to find for the defendant because: "*First*. There was no evidence sufficient to warrant the jury in finding for the plaintiff, and *Second*. There was no evidence tending to prove that defendant knew, or by the exercise of ordinary care could have known, of the defect in the hand hold.". These propositions need not be separately considered. The accident occurred in the State of Missouri, and it is conceded by both parties there is no statute in that State which affects the questions to be determined.

At common law the rule is that railroad corporations are not insurers of the personal safety of their employes, and that the latter assume the ordinary risks incident to the hazardous business in which they are engaged. But such corporations are bound to use ordinary care in the selection of machinery and appliances, so as not to subject the employe to unreasonable danger, that must follow from insufficient tools and appliances, or which are out of repair, and, therefore, insufficient for the purpose intended.

1. RAILROADS: duty in respect to appliances: inspection.

It may be assumed that a car when first placed upon the track is in proper condition, and in every respect suitable for its intended use. But it is a well known fact that in time it will become out of repair, and unfit for use.

It is not the duty of the employe, who is required to simply use said car when it composes a part of a train, to ascertain and know, at his peril, when such time occurs. Such, however, is the duty of the corporation, and ordinary care must be used to ascertain whether the car is fit to be used, and what is such care must be measured by the character of the business, and the risks attending its prosecution. Negligence on the part of the corporation may consist of acts of omission or commission, and it necessarily follows that the continuing duty of supervision and inspection rests on the corporation. For it will not do to say that, having furnished suitable and proper machinery and appliances, the corporation can thereafter remain passive. The duty of inspection is affirmative, and must be continuously fulfilled, and positively performed. In ascertaining whether this has been done or not the character of the business should be considered, and anything short of this would not be ordinary care.

As the corporation must act through agents and employes, the negligence of the employe upon whom the duty of inspec-

2. ——: negligence: co-employes. tion is devolved is the negligence of the corporation. The brakemen on freight trains and such inspector cannot be regarded as co-employes, in such sense as to prevent the former from recovering of the corporation because of the negligence of the latter. The following authorities fully, we think, sustain the foregoing views. *Greenleaf v. I. C. R. Co.*, 29 Iowa, 14; *Kroy v. C., R. I. & P. R. Co.*, 32 Id., 357; *Buzzell v. Laconia Manf. Co.*, 48 Me., 113; *Shanny v. Androscoggin Mills*, 66 Id., 420; *Snow v. Housatonic R. R. Co.*, 8 Allen, 441; *Gilman v. Eastern R. R. Co.*, 10 Id., 233. The same case, 13 Id., 433; *Ford v. Fitchburg R. R. Co.*, 110 Mass., 241; *Mullan v. Philadelphia and Southern Mail Steamship Co.*, 78 Penn. St., 25; *Chicago & Northwestern R. R. Co. v. Jackson*, 55 Ill., 492; *Brabbets v. C. N. W. R. R. Co.*, 38 Wis., 298; *Harper v. R. R. Co.*, 47 Mo., 567; *Brothers v. Carter*, 52 Id., 373; *Porter v. Hannibal and St. Joseph R. R. Co.*, Supreme Court of Missouri,

October Term, 1879.   See the Reporter, Vol. 9 page 549. *Thompson v. Drymala* (Minnesota), 1 N. W. Rep., 255 ; *Warner v. Erie Railway Co.*, 39 N. Y., 468; *Laning v. N. Y. C. R. R. Co.*, 49 N. Y., 522; *Flike v. Boston & Albany R. R. Co.*, 53 N. Y., 549.   This last case, it is insisted by counsel for appellee, has been overruled by the subsequent case of *Malone v. Hathaway*, 64 N. Y., 5.   This is a mistake, as it was followed in the still later case of *Booth v. Boston and Albany R. R. Co.*, 73 N. Y., 38.

II.   The real difficulty is in applying the foregoing principles to the facts in any particular case.   The car was 3. —— : —— : received by the defendant at Beverly, Missouri, on question of fact. the 12th day of October, 1876, from a connecting road, and was taken to Chicago, and it was on its return trip, on the 17th day of October, the accident occurred. There was evidence tending to show the car was in good order when received by the defendant.   It reached Beverly on the day after the accident, and was again inspected, and the " hand hold " found in bad condition.   The inspecter testified he put on a new one, and that the wood was sound, and indicated the " hand hold " had been out of repair only a short time, not exceeding a week.   The evidence, therefore, warranted the conclusion the " hand hold " had got out of repair at some time on the trip to and from Chicago.

Now, as has been said, the duty of inspection is a positive and affirmative duty, to be continuously performed by the defendant; can the court, therefore, as a matter of law, say when, where, and how often such inspection shall take place, or that it should not have been done at some time while the car was under the defendant's control.   We think not, and that it was a question for the jury.   It is said by counsel for the defendant that the " defect was a loose bolt or screw on one end, being a bolt or screw that assisted in retaining the hand hold in position."   Such defect could without doubt have been discovered by an inspection conducted with ordinary care.   There is no occasion to imagine the cause of the accident, or be at

a loss to determine whether the defect could have been discovered by the exercise of ordinary care. Herein lies the distinction between the case at bar and *De Graff v. N. Y. C. & H. R. R. Co.*, 76 N. Y.; 125.

There is also a further distinction: In the cited case there was evidence tending to show the defendant had in its employ certain car inspectors, whose habit it was to make an inspection, as we understand, before the cars started on the particular trip.

In the case at bar there was no evidence that the defendant had any car inspector either at Chicago or between there and Beverly. How often or when a car should be inspected, it is not for the court to say. If it is out of repair, and thereby an employe is injured, it is for the jury to say whether the defendant by ordinary care could have discovered the defect.

The accident having occurred because of defective appliances, the "defendant must show that in the selection and operation of the machinery which caused, or contributed to, the accident, it used due care, prudence, skill and watchfulness." *Tuttle v. The C., R. I. & P. R. Co.*, 48 Iowa, 236.

REVERSED.