The Wabash, St. Louis and Pacific Railway Company

*v.*

William Hawk.

*Filed at Ottawa June 17, 1887.*

1. MASTER AND SERVANT—*who are fellow-servants, within the rule determining the liability of the master.* An employe of a railway company, having the charge and control of a crew or gang of men engaged in a particular service, who are bound to obey his orders, is not a fellow-servant with such persons, in the same line of employment, within the meaning of the rule that prevents a recovery by a servant, of his master, for the negligence of a fellow-servant; and the commands of such employe, within the scope of his authority, are to be regarded as those of the master.

2. So where one in charge of a wrecking-train and crew of men, in removing the floor of a car from the track, directed his men, in a grossly negligent manner, to lift it up and place sticks under the same, and then let go the same, whereby it, through such negligent management, fell upon and injured one of the men so under his direction, it was *held*, that the company was liable in damages to the injured servant.

Appeal from the Appellate Court for the Second District;—
heard in that court on appeal from the Circuit Court of Livingston county; the Hon. Franklin Blades, Judge, presiding.

Mr. G. B. Burnett, for the appellant:

As to the ground of complaint charged in the amended declaration, it is insisted by appellant, that even if appellee was injured by reason of some act of, or an order given by, his foreman, under the evidence, said foreman and appellee were fellow-servants, engaged in the same line of employment, and for the consequences of the negligence of the former, in the respect charged, appellant is not responsible. *Honner v. Railroad Co.* 15 Ill. 550; *Railroad Co. v. Cox,* 21 id. 20; *Railroad Co. v. Keefe,* 47 id. 108; *Railroad Co. v. Murphy,* 53 id. 336; *Voltz v. Railway Co.* 85 id. 500; *Railroad Co. v. Sykes,* 96 id. 102; *Railroad Co. v. Moranda,* 93 id. 302; *Railroad Co. v. Schuering,* 4 Bradw. 533; *Railway Co. v. Roy,* 5 id. 82.

A foreman in charge of a gang of men is a fellow-servant with the men working under him. *Railroad Co. v. Simmons,* 11 Bradw. 147; *Crispen v. Babbitt,* 81 N. Y. 520; *Bridge Co. v. Newberry,* 96 Pa. St. 246; *Blake v. Railroad Co.* 70 Me. 60; *McDermott v. Boston,* 133 Mass. 349; *Kelley v. Norcross,* 121 id. 508; *Summersell v. Fish,* 117 id. 312; *O'Conner v. Robberts,* 120 id. 227; *Walker v. Railroad Co.* 128 id. 6; *Brown v. Railroad Co.* 27 Minn. 162; *Hofnagle v. Railroad Co.* 55 N. Y. 608; Wood on Master and Servant, sec. 436

If the act of a foreman be a neglect of one of the duties the master has impliedly contracted to perform, the latter will be liable, no matter what the rank of the foreman, or by what name he may be called, but as to all other acts the master is not liable. Wood on Master and Servant, 860, 891, 892; *Crispin v. Babbitt,* 81 N. Y. 520; *Fike v. Railroad Co.* id. 553; *Slater v. Jewett,* 85 id. 74.

Mr. W. T. Ament, and Mr. A. E. Harding, for the appellee:

It is not necessary that the power to hire, and the power to discharge for disobedience to orders, should both be united in the same person.

Appellee and Button were fellow-servants, to a certain extent. The sixth of appellant's instructions assumes that all servants engaged in the same department of service are fellow-servants, to such an extent as to relieve appellant from liability on account of any act of one that should cause injury to another. There is a broad distinction between servants in the same department of service, and servants in the same department of service in the same line of employment.

Per Curiam: This was an action to recover for an injury received by the plaintiff, while assisting in the removal of a wreck from the defendant's railroad track. The accident occurred near Forrest, in Livingston county, on the 14th day of April, 1882. At the time of the accident, the railroad company had a wrecking-crew at Forrest, consisting of four or five men, including the plaintiff. The crew was under the control of one Button, who was foreman. When a wreck occurred, it was the duty of Button and his men to remove the wreck and clear the track as speedily as possible, so that the running of trains might not be delayed. The railroad company had furnished Button with an engine and wrecking-car, supplied with ropes, chains, and block and tackle. At the time of the accident, a freight train had been thrown from the track, about one mile from Strawn. Button and his men went out to the wreck with the engine, wrecking-car and other appliances, for the purpose of removing the wreck from the track. Chapman, defendant's road-master, with a number of section-men, was working at the south end of the wreck, while Button and his men worked at the north end. When the two came together, they found the floor of a car lying across the track, and the men were ordered to lift it over, off

the track, by hand. When the floor of the car had been lifted as high as the men could raise it, a prop was put under it, and the men ordered to rest it on the prop, which they did. The men were then ordered to stand back from the floor of the car, and they all did so, but before appellee could get away, the prop slipped, the car floor fell, and caught plaintiff's leg, which was fractured at the ankle. All of the men engaged in the work, including Chapman and his crew, were under the control of Button.

In the amended declaration, it is averred that the defendant did not use, or order to be used, the necessary machinery and appliances for the safe lifting, holding, staying and removing of said car, but carelessly, willfully and negligently neglected, failed and refused to use the same, but instead thereof, carelessly and negligently ordered and directed the use of a prop for the purpose of holding the said car at the point where lifted, which was then and there used by such order and direction, and that in consequence of said neglect and failure of the defendant to so use the said machinery and appliances, and in carelessly and negligently ordering and directing plaintiff and said other servants to lift and remove said car by their individual strength, and in the careless use of the prop, as aforesaid, the plaintiff then and there exercising all due care and caution on his part, the said car, without any warning whatever to plaintiff, fell back upon the ground, and upon the leg and foot of plaintiff, and broke and crushed the foot and ankle of plaintiff, etc.; that said agent giving the order to place the prop under the car, then and there had the power and authority to give the said orders and directions for the performance of the work, and was then and there exercising such power and authority, and then and there had full control and superintendence of said work and the details thereof.

In the circuit court, plaintiff recovered a judgment against the railroad company, which was affirmed in the Appellate

Court. The defendant brings the record here, and assigns as error the giving and refusing of instructions in the circuit court.

The facts in this case upon which the questions of law are raised, are quite similar to the facts in *Chicago and Alton Railroad Co.* v. *May*, 108 Ill. 293, and the law as declared in that case, settles the real questions of law presented by this record. If the plaintiff had occupied to Button the position of a fellow-servant in the same line of employment, he might not be entitled to recover for the injury received. But Button had the entire charge and control of the wrecking-crew; they were employed by him; they were under his command, and bound to obey his orders. Where such was the situation of the parties in the *May case*, it is said: "When a railway company confers authority upon one of its employes to take charge and control of a gang of men in carrying on some particular branch of its business, such employe, in governing and directing the movements of the men under his charge with respect to that branch of its business, is the direct representative of the company itself, and all commands given by him, within the scope of his authority, are, in law, the commands of the company; and the fact that he may have an immediate superior standing between him and the company, makes no difference in this respect. * * * When he gives an order within the scope of his authority, if not manifestly unreasonable, those under his charge are bound to obey, at the peril of losing their situations, and such commands are, in contemplation of law, the commands of the company, and hence it is held responsible for the consequences." The jury found that the plaintiff, while in the exercise of due and proper care, was injured through the negligence of the direct representative of the defendant. That finding having been affirmed in the Appellate Court, is conclusive here.

The ruling of the court in the instructions, conformed substantially to the law as declared in the *May* case, and we

## 264 HENRY et al. v. CENTRALIA & CHESTER R. R. Co.

perceive no ground upon which the judgment can properly be- reversed. Some of the instructions may not be technically accurate, but on the main question involved they conformed to the law as heretofore declared by this court, and the errors committed, if any, were not of such a magnitude as to authorize a reversal of the judgment. .

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

SHELDON, C. J., dissenting.