THELEMAN v. MOELLER ET AL.

1. **Employer and Employe:** ' NEGLIGENCE OF CO-EMPLOYE: LIABILTY OF EMPLOYER: WHO IS CO-EMPLOYE: QUESTION FOR JURY. It is the rule of this court that an employe cannot recover of his employer for the negligence of his co-employe. But one who is charged with no other duty than to inspect machinery and keep it in order is not to be regarded as a co-employe of a person operating the machinery. (*Brann v. Chicago, R. I. & P. R'y Co.*, 53 Iowa, 595.) But one who, besides being charged with the inspection and care of machinery, is also charged with the duty of operating the engine which propels the machinery, is to be regarded as a co-employe of one who operates the machinery. And in this case, where the evidence tended to show that the injury was caused by the negligence of a co-employe, as last above defined, *held* that it was error for the court not to submit to the jury the question of the relationship of the plaintiff and the employe whose negligence occasioned the injury.

*Appeal from Scott Circuit Court.* — Hon. John N. Rodgers, Judge.

MONDAY, OCTOBER 24.

ACTION to recover for personal injuries sustained by plaintiff while operating a circular saw propelled by steam power, in the employment of defendant. The injuries are alleged to have been caused by defendant's negligence. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Heinz & Hirschl*, for appellant.

*Gannon & McGuirk*, for appellee.

BECK, J.—The petition alleges that plaintiff was employed by defendant to operate a machine for sawing, and, while in the discharge of the duties of such employment, with due care, received an injury causing the loss of a hand; that the machine was negligently constructed and defective, and "defendant did not exercise due and reasonable care in keeping it in proper working order." Among other defenses, the defendant alleges in his answer that, if there was any negli-

gence causing the injury, it was on the part of a co-employe of plaintiff in operating the machine, for which defendant is not, under the law, liable. The issue presented by this defense the district court failed to state to the jury, and gave no instruction as to the law relating thereto. The evidence tends to show that the machinery was in charge of an employe who was the engineer and machinist of the manufactory. His duty required him to run the engine, and keep the saw and attachments and other machinery in proper order, and, in case any of the machinery was broken or became defective, to repair it. The evidence tended to further show that the injury resulted from a defective and worn-out rope, supporting a weight intended to keep the saw in place, which broke, permitting the saw to fly forward and strike the hand of plaintiff.

II. It is the rule of this court that an employe cannot, in an action against his employer, recover for the negligence of a co-employe engaged in the prosecution of a common busi-ness. But this rule does not extend to an employe who is charged with no other duty than to inspect the machinery, in the operation of which the injury occurs. (*Brann v. Chicago, R. I. & P. R'y Co.*, 53 Iowa, 595.) But the engineer, it will be seen from the statement of the evidence just made, was not confined by his duty to the mere inspection of the machinery. He had it in charge, was required to see that it was in good condition, and to repair it when broken or defective. These duties were not separated from the operation of the machinery. The engineer and plaintiff together operated it. The engine furnished the motive power propelling the saw, which did the work of sawing,—the very purpose for which both engine and saw were used. The saw could not be operated without the engine. The engineer was engaged in operating the saw. He was therefore a co-employe of plaintiff in the common business of both. It was not competent for the court to hold that the evidence fails to establish facts showing the relation of engineer and plaintiff. This was a question for the jury which should have been submitted to

them with proper instructions. But the district court withheld the issue as to whether the plaintiff and engineer were co-employes from the jury. This was error, for which the judgment must be reversed.

Other questions in the case need not be considered.

REVERSED.