No. 13,959.

## TAYLOR v. THE EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY.

**MASTER AND SERVANT.**—*Injuries.*—*Fellow-Servant.*—*Who is not.*—Where a servant was commanded to do a specific thing by one who, acting for the master, was in charge of the shop where the servant was employed—men, machinery and work being under his control—and the servant was injured through the negligence of the master's representative, he was not injured by the act of a fellow-servant, and the master is liable.

**SAME.**—*Master's Representative.*—*What Constitutes.*—One who commands an act to be done, and who possesses the authority to command and enforce obedience from all servants employed in a distinct department, by virtue of the power delegated to him by the master, is not a fellow-servant, for, in the absence of the master, the command, if entitled to obedience, must be that of the master, conveyed through the medium of the agent.

**SAME.**—*Assumption of Risks.*—An employee assumes all the risks incident to the service he enters, but he does not assume a risk created by the negligent act of the master's representative in making unsafe work which he specifically orders the employee to perform.

**SAME.**—*Co-Workmen.*—*Employee's Knowledge of.*—*Effect as to Risks.*—If the injured employee had entered the service knowing that the master mechanic was to work with him, then he would be held to have assumed the risk arising from his negligence, while working or acting merely in the capacity of a fellow-servant. The facts as presented, however, do not warrant such an assumption.

From the Vanderburgh Superior Court.

*J. Brownlee* and *W. H. Gudgel,* for appellant.

*J. E. Iglehart* and *E. Taylor,* for appellee.

ELLIOTT, C. J.—The appellant was a machinist, in the service of the appellee, engaged in work at its shop in the city of Evansville, under the control of its master mechanic, John Torrence. The master mechanic had the entire control of the shop, of all the employees therein, and of all work; he had full authority to employ and discharge the machinists and workmen, and he had authority to select and to change

machinery. On the 21st day of April, 1884, the appellee desired to inspect the head of the equalizer on one of its locomotives for the purpose of ascertaining whether the key could be changed, and its master mechanic ordered the appellant to disconnect the equalizer and remove it from its place in order to enable the master mechanic to examine it. While the appellant was engaged in the work of removing the key of the equalizer, under the master mechanic's direction, the equalizer was negligently pulled out of its place by the master mechanic and it fell upon the appellant and very severely injured him. The equalizer was a piece of iron weighing two hundred pounds, and it was caused to fall upon the appellant by the negligence of the master mechanic, and without any fault on the appellant's part.

It is established law in this jurisdiction that the common master is not responsible to an employee for an injury caused by the negligence of a co-employee. From this rule, so long settled, we can not depart. *Indiana, etc., R. W. Co.* v. *Dailey*, 110 Ind. 75 ; *Capper* v. *Louisville, etc., R. W. Co.*, 103 Ind. 305 ; *Indiana Car Co.* v. *Parker*, 100 Ind. 181 ; *Bogard* v. *Louisville, etc., R. W. Co.*, 100 Ind. 491 ; *Atlas Engine Works* v.*Randall*, 100 Ind. 293.

It is also settled that the fact that the one employee is the superior of the other makes no difference, for the question is not one of rank ; the question is, were they fellow-servants ? If they were, there can be no recovery against the master for injuries caused by the negligence of the co-employee. *Drinkout* v. *Eagle Machine Works*, 90 Ind. 423 ; *Brazil, etc., Co.* v. *Cain*, 98 Ind. 282 ; *Indiana Car Co.* v. *Parker, supra ; Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151 ; *McCosker* v. *Long Island, etc., R. R. Co.*, 84 N. Y. 77 ; *Crispin* v. *Babbitt*, 81 N. Y. 516 ; *Moore* v. *Wabash, etc., R. R. Co.*, 21 Am. & Eng. R. R. Cases, 509.

If Torrence was acting in the capacity of a co-employee at the time his negligence caused the appellant's injury, the action can not be maintained, although he was the appellant's

superior, and had the right to retain or discharge him. An agent of high rank may be, at the time an act is done, a fellow-servant of an employee occupying a subordinate position. *Hussey* v. *Coger*, 112 N. Y. 614 ( 8 Am. St. Rep. 787). If, for instance, the general superintendent should take hold of one end of an iron rail to assist an employee of the company in loading it on the car he would be, as to that single act, a fellow-employee, although as to other acts he might be the representative of the master.

Where, however, the agent whose negligence caused the injury is at the time in the master's place, then he is not a co-employee, but a representative of the employer. His breach of duty is then the employer's wrong, for in such cases the act of the representative is the act of the principal. By whatever name the position which the agent occupies may be called, he is the representative of the master if his duties are those of the master ; but, if his duties are not those of the master, then he is no more than a fellow-employee with those engaged in the common service, no matter what may be his nominal rank. *Indiana Car Co.* v. *Parker, supra; Pennsylvania Co.* v. *Whitcomb*, 111 Ind. 212 ; *Krueger* v. *Louisville, etc., R. W. Co.*, 111 Ind. 51 ; *Indianapolis, etc., R. W. Co.* v. *Watson*, 114 Ind. 20 (5 Am. St. Rep. 578) ; *Louisville, etc., R. W. Co.* v. *Sandford*, 117 Ind. 265; *Cincinnati, etc., R. W. Co.* v. *Lang*, 118 Ind. 579 ; *Franklin* v. *Winona, etc., R. R. Co.*, 37 Minn. 409 (5 Am. St. Rep. 856) ; *Anderson* v. *Bennett*, 16 Oregon 515 (8 Am. St. Rep. 311) ; *Atchison, etc., R. R. Co.* v. *McKee*; 37 Kan. 592 ; *Gunter* v. *Graniteville, etc., Co.*, 18 S. C. 262 (44 Am. Rep. 573).

Our judgment is that, at the time the appellant was injured, Torrence, the master mechanic, was performing the master's duty, and not merely the duty of a fellow-servant. He was in control of the shop where the appellant was working ; he was the only representative of the master at that place, men, machinery and work were under his control. He gave the orders which it was the duty of those under him to

Taylor v. The Evansville and Terre Haute Railroad Company.

obey, and he alone could give orders as the master's representative. He gave the specific order under which the appellant acted. He did not join the appellant as a fellow-servant in doing the work, but he commanded it to be done. He was in the position of one exercising authority, and not in that of one engaged in common with another in the same line of service.

The obligation to make safe the working-place and the materials with which the work is done, rests on the master and he can not escape it by delegating his authority to an agent. It is also the master's duty to do no negligent act that will augment the dangers of the service. In this instance Torrence was doing what the master usually and properly does when present in person, for he was commanding and directing the execution of what he had commanded. By his own act he made it unsafe to do what he had commanded should be done. Acts of the master were, therefore, done by one having authority to perform them, and the breach of duty was that of one who stood in the master's place. It is not easy to conceive how it can be justly asserted that one who commands an act to be done, and who possesses the authority to command and enforce obedience from all servants employed in a distinct department by virtue of the power delegated to him by the master, is no more than a fellow-servant, for, in the absence of the master, the command, if entitled to obedience, must be that of the master conveyed through the medium of an agent. Nor can it be held without infringing the principles of natural justice, that if he who is authorized to give the command makes its execution unsafe, the employee, whose duty it is to obey, has no remedy for an injury received while doing what he was commanded to do. Nor do the better reasoned authorities justify such a conclusion. The decisions are conflicting, it is true, but the decided weight of authority is, that where the act is such as the master should perform, he is liable no matter by whom the duty is performed. "As to such acts,"

said the court in *Flike* v. *Boston, etc., R. R. Co.*, 53 N. Y. 549, 553, " the agent occupies the place of the corporation, and the latter should be deemed present, and consequently liable for the manner in which they are performed." In this instance, Torrence was not a fellow-servant while engaged in commanding work to be done and directing the execution of the command, although if it had appeared that he was engaged with the appellant in doing the work, within the line of the latter's service, it might, perhaps, be otherwise. " The true test," said the court in *Gunter* v. *Graniteville, etc., Co., supra,* " is whether the person in question is employed to do any of the duties of the master; if so, he then can not be regarded as a fellow-servant, or co-laborer with the operatives, but is the representative of the master, and any negligence on his part in the performance of the duty of the master thus delegated must be regarded as the negligence of the master." The rule thus stated goes further than we are required to do in this instance, for we need go no further than to hold that while engaged in ordering the work to be done, and in supervising its performance, the master mechanic represented his principal; if, however, it had appeared that the master mechanic was not the person in charge of the men and the shop and its equipments, but was, although a superior agent, engaged in doing the same general work as that for which the appellant was employed, it would be different. As the facts appear in the record the master had invested the master mechanic with full authority over the appellant and all others employed in the shop under his control, thus bringing the case within the decision in the case of *Atlas Engine Works* v. *Randall, supra,* where it was said : " If the agent or servant to whom the power to command is given exercises that power, and fails to discharge the obligation, to the hurt of the servant who is without fault, the failure is that of the master, and he must respond." In the case now at our bar, the agent who had the power to command, and who exercised it, himself

violated the duty which rested upon him as the representative of his principal, and by his own act of negligence brought injury upon the employee engaged in doing the work he was ordered to do. Although the case of *Hawkins* v. *Johnson,* 105 Ind. 29, belongs to a somewhat different class from the one to which this case belongs, still what is there said as to the right of an employee to obey the directions of a superior is applicable here, and strongly tends to support our conclusion. What we have said of *Hawkins* v. *Johnson, supra,* applies also to the case of *Rogers* v. *Overton,* 87 Ind. 410. Many of the cases go much further than we do here, for they assert that an employee is justified in obeying the orders of one who has a right to command, unless the danger of obedience is so apparent that a reasonably prudent man would not assume the risk. *Stephens* v. *Hannibal, etc., R. R. Co.,* 96 Mo. 207 ; *Huhn* v. *Missouri Pac. R. W. Co.,* 92 Mo. 440 ; *Keegan* v. *Kavanaugh,* 62 Mo. 230. Whether these decisions go beyond the true line or not we neither inquire nor decide, but we do affirm that the reasoning, in so far as it covers and is limited to a case such as this, is unanswerable, for here the master mechanic had the right to command, and he was the only person in the shop who could rightfully command the employees serving under him.

The duty of the master mechanic, as it appears from the complaint, was to order what should be done, and this, it has been well decided, is intrinsically the master's act and not that of a mere fellow-servant. *Theleman* v. *Moeller,* 73 Iowa, 108 ; *Brann* v. *Chicago, etc., R. R. Co.,* 53 Iowa, 595.

We do not affirm that an employee, with authority to command, may not be a fellow-servant ; on the contrary, we hold that one having authority to command may still be a fellow-servant, but we hold, also, that where the position is such as to invest the employee with sole charge of a branch or department of the employer's business, the employee, as to that branch or department, may be deemed a vice-principal

while engaged in giving orders or directing their execution. *Chicago, etc., R. R. Co.* v. *Hoyt,* 122 Ill. 369 ; *Wabash, etc., R. W. Co.* v. *Hawk,* 121 Ill. 259.  " Where," it is said in a well-considered case, "a master places the entire charge of his business, or a distinct department of it, in the hands of an agent, exercising no discretion and no oversight of his own, it is manifest that the neglect of the agent, of ordinary care, in supplying and maintaining suitable instrumentalities for the work required to be done is a breach of duty for which the master should be held liable." *Cooper* v. *Pittsburgh, etc., R. W. Co.,* 24 W. Va. 37.  Substantially the same statement of the rule is made in *Mullan* v. *Philadelphia, etc., Co.,* 78 Pa. St. 25.  This rule applies to the case made by the complaint before us, and it is that case, and that alone, to which our discussion is directed, and to which our conclusions apply.  If it appeared that the master mechanic worked with the machinists in the shop, as a foreman or a like agent ordinarily does, we should have a different case ; this, however, does not appear, for, on the contrary, it does appear that the master mechanic was invested with sole control of the shop, and that his duties were not those of a mere workman, but those of one whose duty it was to manage a distinct department, and to give orders to the machinists, and other employees as to the duties they should perform.  We can not further comment upon the decisions on this branch of the case which we have examined, but refer, without comment, to some of them :  *Hough* v. *Railway Co.,* 100 U. S. 213; *Ford* v. *Fitchburgh R. R. Co.,* 110 Mass. 240 ; *Wilson* v. *Willimantic Co.,* 50 Conn. 433 ; *Mayhew* v. *Sullivan, etc., Co.,* 76 Me. 100 ; *Atchison, etc., R. R. Co.* v. *McKee, supra ; Missouri Pac. R. W. Co.* v. *Peregoy,* 36 Kan., 424 ; *Central Trust Co.* v. *Texas, etc., R. R. Co.,* 32 Fed. Rep. 448.

It is important to bear in mind that the appellant was performing a special duty enjoined upon him by a superior whom it was his duty to obey.  Although the work was within the general scope of his service, nevertheless he was per-

Taylor *v.* The Evansville and Terre Haute Railroad Company.

forming it under a special order. It was, therefore, a wrong on the part of the agent having the right to order him to do the specific work to increase the peril of the service by his own negligence. The employee acting under the specific order had a right to assume, in the absence of warning or notice, that his superior who gave the order would not, by his own negligence, make the work unsafe. *Cincinnati, etc., R. R. Co.* v. *Lang, supra;* *Coombs* v. *New Bedford, etc., Co.* 102 Mass. 572; *Haley* v. *Case,* 142 Mass. 316; *Goodfellow* v. *Boston, etc., R. R. Co.,* 106 Mass. 461; *Crowley* v. *Burlington, etc., R. W. Co.,* 65 Iowa, 658; *Abel* v. *President, etc.,* 103 N. Y. 581; *Reagan* v. *St. Louis, etc., R. W. Co.,* 93 Mo. 348; *Lewis* v. *Seifert,* 116 Pa. St. 628. We adhere firmly to the rule declared in such cases as *Indianapolis, etc., R. W. Co.* v. *Watson, supra,* and *Louisville, etc., R. W. Co.* v. *Sandford, supra,* that the employee assumes all the risks incident to the service he enters, but we assert that the rule does not apply where a superior agent, representing the master, orders the employee to do a designated act, and while the employee is engaged in doing what he was specially ordered to do, that superior, by an act of negligence, causes the employee to receive an injury. The employee in entering the service does not assume a risk created by the negligent act of the master's representative in making unsafe work which he specifically orders the employee to perform. If the master mechanic had been no more than a co-employee working with the appellant, or if the appellant had entered the service knowing that the master mechanic was to work with him, then he would be held to have assumed the risk arising from the master mechanic's negligence while working or acting merely in the capacity of a fellow-servant.

We hold that the facts stated in the complaint are sufficient to compel the appellee to answer.

Judgment reversed.

Filed Nov. 21, 1889.