## KERLIN *v.* CHICAGO, P. & ST. L. R. Co. *et al.*

### (*Circuit Court, D. Indiana.* April 21, 1892.)

1. MASTER AND SERVANT—VICE PRINCIPAL—CONDUCTOR AND BAGGAGE MASTER.
   In Indiana, a baggage master on a railroad train is considered a coservant with the conductor of another train, through whose negligence a collision occurs. *Railway Co.* v. *Ross,* 5 Sup. Ct. Rep. 184, 112 U. S. 377, distinguished.

2. SAME—FOLLOWING STATE DECISIONS.
   The control of the relation of master and servant and other like relations is reserved to the states, and the federal courts, when administering the state law upon such subjects, should follow the decisions of the state courts.

3. SAME—PLEADING.
   A declaration which, among other allegations of negligence, avers that a conductor was not a careful, skillful, and attentive conductor for a passenger train, which was known to the company, and that the death of a baggage master was caused by the conductor's negligence, contains all the allegations necessary to constitute a good cause of action, and a demurrer on the ground of insufficiency should be overruled.

At Law. Action by Anna J. Kerlin, administratrix, against the Chicago, Pittsburgh & St. Louis Railroad Company *et al.*, for damages for the death of an employe in a collision. Heard on demurrer to the complaint. Overruled.

*Finch & Finch,* for plaintiff.

*S. O. Pickens,* for defendants.

BAKER, District Judge. Complaint in two paragraphs, to each of which the defendants severally demur for want of facts.

The first paragraph, so far as material to the present inquiry, alleges that the plaintiff's intestate was in the employ of the defendant as baggage master, having charge of a baggage car of one of the passenger trains run by defendant between Chicago, Ill., and Indianapolis, Ind.,

known as "Louisville No. 14;" that another one of the defendant's passenger trains, running between Chicago, Ill., and Cincinnati, Ohio, of which Thomas Lamb was conductor, was known as "Cincinnati No. 13;" that said defendant's railway between Logansport and Kokomo, in the state of Indiana, consisted of a single track; that at the time of the collision causing the death of plaintiff's intestate the train known as "Louisville No. 14" was running from Logansport to Kokomo at the rate of 40 miles an hour, having the right of way over the train known as "Cincinnati No. 13" between said points; that said conductor, Lamb, knew that the train known as "Louisville No. 14" had the right of way between said points, and, without ascertaining whether it had passed Kokomo or not, he carelessly and negligently proceeded with his train upon said single track from Kokomo towards Logansport, and when about one mile from Kokomo, and while running at the rate of 40 miles an hour, his train came in collision with the train known as "Louisville No. 14," causing the intestate's death without fault on his part. The sufficiency of this paragraph hinges on the question whether the baggage master of the train known as "Louisville No. 14" was the fellow servant of the conductor of the train known as "Cincinnati No. 13." It is argued by the counsel for the plaintiff that the averment that the conductor was placed in charge of the train known as "Cincinnati No. 13" shows that he was the representative or vice principal of the defendant in such sense that, as to the employes of the defendant on the train known as "Louisville No. 14," his negligence was the negligence of the defendant. It is settled, wherever the common law prevails, that the common master is not responsible to one servant for an injury caused by the negligence of a fellow servant. *Railway Co.* v. *Ross*, 112 U. S. 377, 5 Sup. Ct. Rep. 184; *Taylor* v. *Railroad Co.*, 121 Ind. 124, 22 N. E. Rep. 876. Few questions, however, have given rise to more conflicting opinion than when and under what circumstances an employe engaged in the service of a common master stands in the place of the master as his vice principal, or, *alter ego*, as to other employes. Courts and text writers are generally agreed that the fact that one employe is the superior of the other is not controlling. The question is not one of rank, and it cannot be solved by the inquiry, is one employe superior to the other? *Railway Co.* v. *Adams*, 105 Ind. 151, 5 N. E. Rep. 187; *McCosker* v. *Railroad Co.*, 84 N. Y. 77. Regardless of rank, whenever the employe is engaged in the performance of duties which the law has devolved upon the master, and has required him personally to perform, such employe, in every such case, stands as the master's representative as to other employes. The master is constructively present and acting through such representative.

Among the duties which the master is required personally to perform are those of providing for the employe reasonably safe tools and appliances with which to work, reasonably careful and competent fellow servants, and a reasonably safe place in which to work. In providing these the master is required to exercise ordinary care and diligence, and for failure, causing injury, he is responsible to an employe free from

contributory negligence.    When the master chooses to delegate the performance of these duties to another, the delegate stands, *pro hac vice*, for the master.    His negligence is the negligence of the master.    It is also generally agreed that, where an employe is placed in charge of the entire business of the master, he represents the master as vice principal.    So, also, where an employe is placed in charge of an entire department, so that, in respect of that department, he has full control, he is a vice principal, and not a fellow servant, as to his subordinates, and his negligence is that of the master.    Thus it has been held that the general superintendent of a railroad, the superintendent of a division, the superintendent of bridges, the road master, the master mechanic having general charge of the machine shops, represent the master as to subordinate employes, and their negligence as to such employes has been held to be that of the master.    *Taylor* v. *Railroad Co.*, *supra*.    And in the case of *Railway Co.* v. *Ross*, 112 U. S. 377, 5 Sup. Ct. Rep. 184, it has been held that the conductor of a train of which he has entire charge, as to his subordinates on the same train, is to be deemed to be the representative of the company.    This is put upon the ground that he is clothed with the general superintendence of the train and its movements, and has confided to him the power to command and control the entire train crew.    It is held by some courts, where the master places one employe in a position of authority over other employes, who are under his control, although all are engaged in a common service or undertaking, that such superior stands for and represents the master as to such subordinates.    It is too firmly settled in this state to be longer open to serious debate that the mere fact of superiority and subordination among employes engaged in a common service or undertaking does not make the superior a vice principal.    If such were the law, every boss or foreman having charge of workmen would stand for the master. The exigencies of every considerable business enterprise require the employment of men charged with different duties, and occupying positions of different power and responsibility.    So long, however, as they are all engaged in a common service or undertaking, each in his place contributing to the accomplishment of a common object, they are all fellow servants, if the service or undertaking is one which the law does not require the master personally to perform.    If it were conceded, however, that the superior represented the master so far as he was empowered to command or control his subordinates, this would not be controlling on the question under consideration.    The death of the plaintiff's intestate was not caused by his obedience to any order or command of a superior clothed with power of control.    The fatal injury was caused by the negligence of Conductor Lamb in running his train on the time of the train on which the plaintiff's intestate was employed.

It is claimed that the case of *Railway Co.* v. *Ross*, *supra*, is decisive of the question here involved.    It is difficult, if not impossible, to harmonize that case with the current of the authorities in England and in this country.    If sound, it reaches the border line, and ought not, in

my judgment, to be held to be controlling, except in cases presenting the same facts. *Howard* v. *Railway Co.*, 26 Fed. Rep. 837. In that case the engineer whose death was caused by the negligence of the conductor was employed on the same train with the negligent conductor. Here the conductor and baggage master who was killed were employed on different trains. It has been held that this circumstance ought not to make any difference in the rule of decision. *Ragsdale* v. *Railway Co.*, 42 Fed. Rep. 383. That might be true in states where such an application of the rule would not be in conflict with the settled law of the state where the injury occurred. Where the rule of decision in the case last cited is in harmony with the rule of decision in the state courts, I should think it ought to be followed. It seems to me that there is sound reason for holding that the *Ross Case* is not controlling on the question in hand. The law requires that railroad companies shall adopt and promulgate general rules and regulations for the government of their employes and for the operation of their railways. It is matter of common knowledge that the duties of every employe on all passenger trains are regulated by general rules, except when temporarily changed or modified by special orders. Every employe on the train, from conductor to brakeman, in running the train is acting under the orders of a common superior, charged with the control, direction, and movement of all trains on the entire road, or of some integral portion of it. All conductors, engineers, firemen, brakemen, and others employed in the movement of trains are acting under, and are engaged in carrying out the general or special orders of, a common superior, who stands as the representative of the common master. While the exigencies of the business require that some employe should have charge of the actual running of each particular train, all are nevertheless engaged in the same common undertaking, under the direction and control of a common superior, who represents the common master. On principle it would seem that all employes thus engaged in a common service, acting under the control and direction of a common superior, ought to be deemed to be coemployes. These considerations distinguish the present case from the case of *Railway Co.* v. *Ross, supra*. The relations, and the rights and duties, of husband and wife, parent and child, guardian and ward, master and servant, and other like relations, in our dual form of government, are matters of local and state regulation. The control of such relations was reserved to the people or to the states, respectively, with anxious solicitude. The harmony of the relations between the operations of the state and national governments can alone be maintained by mutual respect for and recognition of the rights of each. In this case, the relation of the conductor and baggage master, and the relation of each to the defendant, was purely a matter of state concern, and was wholly dependent on state law. The right of action for the death of the plaintiff's intestate is given solely by the law of the state. Such considerations prove with convincing force that there should be no conflict, touching these matters, between the state courts and the federal courts when administering the state law on the same state of facts. I think the plaintiff's intestate was the co-

servant of the negligent conductor. It results that the demurrer to the first paragraph of the complaint must be sustained.

I think the second paragraph of the complaint is sufficient. It contains all the formal allegations necessary to constitute a good cause of action. Among other grounds of negligence it avers that Lamb was not a careful, skillful, and attentive conductor for a passenger train, which was known to defendant, and that the death of plaintiff's intestate was caused by the negligence of the conductor. While the paragraph is not very artistically drawn, I think it contains enough facts to withstand a demurrer. The demurrer to this paragraph is therefore overruled.