(Huron Co., O., Court of Common Pleas.)

CHAS F. STANG ET AL. v. MAGDALENA NEWBERGER ET AL.

(1). The want of legal capacity to sue, as a cause for demurrer, has reference to plaintiffs under legal disabilities, and not to plaintiffs failing to assert a valid cause of action.

(2). An offer to cancel and return promissory notes by parties having no apparent right to their possession or to cancel them, is of no validity.

(3). From the execution of a contract for the sale of real estate the vendor holds the legal title to the lands as a trustee for the vendee, and the vendor's benefic-

ial interest in the contract is, by the doctrine of equitable conversion. treated for purposes of descent as personalty and as an asset of the vendor's estate to be administered by his executor or administrator.

(4). Upon default in the payment of the purchase money due upon a land contract which by its terms gives an option to the vendor to rescind the contract for such default, the vendor may elect to continue the contract in force and sue for the unpaid purchase money, or to place the vendee in statu quo and avoid the contract. This right of election does not descend to the heirs or devisees of the vendor, but follows the personal estate, and may be exercised by the personal representative.

(5). A petition by the devisees of a deceased vendor, seeking to rescind his written contract for the sale of realty and offering to surrender the notes of the vendee for the purchase price, but failing to show any ownership of the notes or offer to return money paid to the vendor to apply thereon, is defective by reason of such omissions.

(6). A petition by the devisees of a deceased vendor, seeking the rescission of his contract to sell realty, and recovery of the possession of such realty, is defective for the reason that the beneficial rights under said contract belong to the decedent's personal estate and are to be exercised by his personal representative. The devisees have no election to affirm or disaffirm the contract or to recover possession of the land.

———

Decision on demurrer to amend petiiton.

WILDMAN, J.

The plaintiffs allege substantially that they are the sole beneficiaries under the will of Peter A. Stang, who died in June, 1895, seized in fee simple of certain realty described; that during the life-time of said decedent, he had contracted with Magdalena Newberger, one of the defendants, to convey to her said realty, for $2785, payable in installments as evidenced by certain promissory notes; and that said vendee had paid to said decedent something over $160, and defaulted as to the residue of the purchase price as well as to certain other stipulations. The contract is copied into the pleading and discloses the fact that the vendor was to have the option of avoiding the contract for such defaults. The plaintiffs say that they

bring into court the contract and unpaid notes, tender them to the defendants and elect to declare the contract null and void and recover possession of the premises. The other defendant, August Newberger, does not appear to be one of the contracting parties, but both defendants are alleged to be in wrongful possession of the property, claiming it by virtue of said contract.

The petition does not allege any tender back to defendants of the money paid as part of the purchase price, nor are there any averments as to the solvency of Peter A. Stang's estate; or whether or not it has been administered, or how the plaintiffs became possessed of the contract and notes.

The petition asks a rescission of the contract and the possession of the realty.

The defendants demur upon four grounds: That the court has no jurisdiction of the subject matter; that the plaintiffs have not legal capacity to sue; that there is a defect of parties plaintiff in that the executor of Peter A. Stang's will is not made such; and that the petition does not state facts sufficient to constitute a cause of action.

Clearly this court has jurisdiction of the subject matter. It is a court of general jurisdiction; the land is in this county, and the relief sought is such as the court may grant if the proper parties are invoking its aid, and the petition is not otherwise defective.

And as clearly the plaintiffs have legal capacity to sue, such legal capacity is not affected by any imperfections in their cause of action or by a defect of parties, if such defect exists. The correct application of this ground of demurrer is made by the supreme court of Indian in the case of Brown et al., Ex'rs., v. Coitchell, et al., 110 Ind., 31, (see 7 N. E., 888), in the language following:

"The want of legal capacity to sue, as a cause for demurrer, has reference to plaintiffs under legal disabilities, and not to a case where the facts alleged show that the plaintiff has no

right to sue in that particular case. In such case the assignment should be that the complaint does not state facts sufficient to constitute a cause of action." Substantially the same principle was involved and held in the two cases of Weidner et al. v. Rankin et al., 26 Ohio St., 522, 525, and Buckingham v. Buckingham, 36 Ohio St., 69. A dictum in Saxton v. Seiberling, 48 Ohio St., 559, tends somewhat in an opposite direction, but it was unnecessary to a determination of the case and is inconsistent with the decision in Weidner et al. v. Rankin et al., supra, which was seemingly overlooked by the judge rendering the opinion.

The third ground of demurrer, the alleged defect of parties in that Peter Stang's executor is not here, may be passed for the present, in view of the other and more serious ground of demurrer, that the petition does not state facts constituting a cause of action. The contention of counsel has been that the executor should be here, because he is the legal owner of the notes and alone has power to cancel them, so as to enable the plaintiffs here to remove the cloud from their supposed title to the real estate by a rescission of the contract. On the other hand, it is urged for the plaintiffs that the court has power to bring in all proper parties and render such judgment or decree as equity may require; that the only defect, if there be one, is merely a defect of parties as suggested,—a defect easily cured.

In my judgment, however, the real question presented and which should be determined is a somewhat broader one. It is not exactly whether we have enough plaintiffs, but whether we have the right ones; whether the devisees under the will have any substantial interest in the land in controversy, so as to entitle them to come into court as plaintiffs, invoking the court's jurisdiction to set aside the contract and restore the possession of the land.

They are said to be the sole beneficiaries under the will of Peter A. Stang; but personal property will not pass by will until the claims of possi-

ble creditors are adjusted by administration of the estate. There is no dispute here that the notes belonged to the personal estate of the decedent, whatever may be said of the land, and it can hardly be claimed that a tender of notes by parties not having the right to dispose of them will avail for any purpose. To meet the manifest invalidity of such tender and the omission of any offer to re-pay the money which had already been received by Peter A. Stang, counsel for plaintiffs urge that no tender is in fact essential; that without any offer before suit to place defendans in statu quo, the court may determine the equities and grant proper relief.

Some authorities are cited in support of this contention, and reference is made by counsel to section 5780, of the Revised Statutes, supposed to have some application. The section governs procedure in actions for the recovery of the purchase money of real estate, not to rescind contracts of sale, and in other respects is foreign to the present inquiry. As to the adjudications cited, it is a sufficient answer to them that whatever may be the holdings in other states, it seems to be settled for Ohio that a party may not rescind a contract for the sale of land without placing or offering to place the adverse party in statu quo. Whether or not the petition should aver such offer, or whether it may be made at any time before judgment, at least it may be said that it should not appear from the petition that the party suing is powerless to restore the vendee to his original status. A petition which does disclose such inability of the plaintiffs is defective.

In Taft v. Wildman, 15 Ohio, 123, 128, it was held:

"No principle is better settled than that a party who would rescind an agreement, must place his adversary in statu quo. If he has received anything of value, he must offer to restore it or he will not be permitted, by rescinding his agreement, to recover for what he has advanced by reason thereof."

The brief of counsel in Railroad Co. v. Steinfield, 42 Ohio St., 453, cites

several authorities in support of the proposition:

"In case of rescission, the parties must be substantially reinstated in their original situation"; and in the same case, the supreme court substantially follow the rule as quoted and hold the rescission of a land contract by the lower court without the return or tender back of money received by the vendor to be erroneous. See pp., 450 and 456.

The doctrine is based upon the principle embodied in the familiar maxim that he who seeks equity must do equity, and is thoroughly fortified by the current of authority outside of our state as well as within it. Without quoting, I cite the following:

21 Am. & Eng. Encyc. of Law, 84, et seq; 2 Pars. on Conts. (5th Ed'n), p. 680; White & Tudor's Leading Cases in Eq. vol. 2, Pt. 2, 1124.

Applying this principle, the demurrer here might well be sustained on the ground that the petition fails to state a case for rescission of the contract; but as the defect is possibly susceptible of an amendment alleging as an excuse for not tendering back the notes and purchase money paid, that the vendee has had the rents and profits of the land and so has re-paid herself; it is well to look a little further into the case to see whether or not the petition is otherwise defective.

The plaintiffs sue upon the presumption that they own the land and have a right to remove clouds from their title. But have they any other than a naked, legal title, as trustees for the equitable owners?

I find no lack of uniformity in the expressions of the courts and text writers that in this class of cases the doctrine of equitable conversion applies and governs the descent of the estate. By this phrase is meant that doctrine or legal fiction under which for some purposes land is deemed personalty, and personalty land. Thus, as stated in Sugden on Vendors, 8th, Am. Ed'n., 188:

"When an estate is contacted to be sold, it is in equity considered as converted into personalty fom the time of the contract", etc.

[COPYRIGHT, 1899, BY CARL G. JAHN.]

This language received the approval of Judge Johnson, in Gilbert and Ives v. Port, 28 Ohio St., 298-9, who says, after quoting Mr. Sugden's words:

"The learned author is discussing the effect of a devise of real estate on lands contracted to be sold and not conveyed."

The doctrine finds further recognition and approval in Smith, Adm'r., v. Loewenstein, 50 Ohio St., 346, 357, to which I refer without quoting.

A more elaborate elucidation of equitable conversion may be found in Pomeroy's admirable work on Equitable Jurisprudence. See especially vol. 1, secs. 105, 368, and note on page 403; and vol. 3, sec. 1261. It is distinctly asserted by the author that the vendor's interest in the contract to sell real estate is personal and upon his death will descend, not to his heirs or devisees, but to his personal representatives. It is clearly indicated also that in case of payment of purchase money by the vendee to such heirs or devisees, the money belongs and should be paid to the personal representative.

Mr. Sugden, (Vendors and Purchasers, 9th, Ed'n., star paging, 172) says the same:

"If the vendor die before payment of the purchase money, it will go to his executors, and form part of his assets."

Assuming this doctrine, which seems well settled, to be correct, does it leave any right in the devisees to a rescission of the contract. At the best, they would seem to have received from their ancestor only a naked, legal title to land, while all other rights and interests of Peter A. Stang under the contract descended to the representatives of his personal estate.

Under proper circumstances a right of election to rescind or affirm a land contract for default of the vendee resides in the vendor. He may elect to sue for the purchase money or endeavor to reclaim the land. At his death, this right of election is entirely extinguished or descends to either his personal representative, or to his heirs or devisees. It is inconceivable that it can take both directions. If, as

asserted by Mr. Sugden, and recognized by our own supreme court, the estate of the vendor in the land became personalty by conversion, then as such it descended, and the right of election to affirm or disaffirm the contract descended with it. The executor or administrator acquired the right of the vendor to sue for the unpaid purchase money, or at his election to rescind the sale and recover the land. The land, when so recovered by the personal representative, would logically be treated as personalty in the distribution of the decedent's estate. To hold otherwise and permit the devisees to rescind the sale would either rob the personal estate of one of its assets, its chose in action for the unpaid purchase money, or subject the vendee both to the loss of the land and to a possible judgment on the notes in favor of the executor or administrator, an inequity which, of course is not to be thought of.

Apparently recognizing that the personal representative acquires the right to choose as to the enforcement or rescission of the contract, the legislature enacted sections 5800 and 5801 of the Revised Statutes, providing a method of getting the naked, legal title out of the devisees or heirs at law and transferring it to the vendee upon the latter's securing to the estate the purchase money still due. The statute makes no express provision as to the course to be pursued by the executor if the security be not furnished, because such provision is unnecessary. The executor may without express provision, sue upon the notes, and in equity, subject the real estate to the payment of any judgment thereon.

In the early case of Howard et al. v. Babcock et al., 7 Ohio, (2nd. pt.,) 81, Judge Hitchcock used language in seeming recognition of the right of the administrators of a deceased vendor to consent to a rescission of a land contract, so as to make an agreement for such rescission made by them and the representatives of the vendee, also deceased, valid and enforcible.

The agreement for such rescission was questioned by the heirs of the vendee in a suit for specific performance brought by them. The judge, after commenting on certain facts, which he held to estop the heirs of the vendee from disputing the action of the personal representative of the vendee's estate, considers the effect of the consent of the vendor's administrator to the rescission. He says: "Why go into chancery, when the representatives of the vendor are willing to rescind without? It cannot be necessary. And it would be strange indeed, that a court of chancery should decree the specific performance of a contract against those who had a right to rescind that contract, and who had, in fact, done all they could to rescind it."

My conclusion is that the plaintiffs here have no beneficial interest in the land described; no election to affirm or disaffirm the contract of sale, and that their petition fails to state a cause of action. The demurrer for that reason will be sustained. It is not a case of mere defect of parties plaintiff by reason of the non-joinder of the legal representative of Peter A. Stang.

Mills and Reed, for Plaintiffs.
Stewart & Rowley, for Defendants.